The plaintiff instituted this summary process action to recover possession of premises leased by him to the defendant, based on the defendant's failure to pay rent. The defendant claimed that a leaking roof rendered the premises untenantable within the meaning of the lease, so that no rent was due. The trial court rendered judgment for the defendant, and the plaintiff has appealed.
The sole issue to be decided is whether the premises were untenantable within the meaning of the lease or any applicable statute, thereby absolving the defendant of her obligation to pay rent. The following facts are relevant to a determination of this question: The plaintiff had leased the premises in question to the defendant for use as a restaurant. The lease was for a five year term, commencing June 1, 1978, with monthly payments of $600. The defendant testified that shortly after occupying the premises she notified the plaintiff that the ceiling was leaking. She had a roofer fix the ceiling. The plaintiff, in September, 1978, had work performed on the ceiling and roof. The record indicates that the defendant ceased making rental payments in *Page 613 
October, 1978. On December 18, 1978, the defendant notified the plaintiff that she would set off the cost of making repairs against the rental payments because the leaking roof hampered her business. On December 29, 1978, the plaintiff served the defendant with a notice to quit possession, thus initiating this summary process action. Despite the leaks, the defendant did not cease to operate the premises as a restaurant. She testified that on occasion she closed early and that at other times she had to reduce the number of tables in use.
The trial court, in its memorandum of decision, relied on the fact that there was damage to the restaurant from the leaks in the ceiling. It found that these leaks came from a higher level of the building, that is, the second or third floor, which were not leased by the defendant. In its discussion of the term untenantable, the trial court referred to General Statutes 47a-4 (c) and47a-7 (a), as well as to the lease.
The landlord and tenant statutes; General Statutes47a-1 through 47a-22; are inapplicable to this fact situation. These statutes were passed to aid residential apartment dwellers, and do not apply to commercial leases. The term "rental agreement" used in General Statutes 47a-4 is defined in 47a-1 (i) as "all agreements . . . concerning the use and occupancy of a dwelling unit and premises." "Dwelling unit" in turn is defined as any "building, or portion thereof, which is rented . . . out to be occupied . . . as a home or residence . . . ." General Statutes47a-1 (c). General Statutes 47a-7 uses the term landlord, which again is defined in terms of a dwelling unit. General Statutes 47a-1 (d). Clearly, these statutes are inapplicable to the present case.
The clause of the lease which deals with untenantability provides: "And it is further agreed between *Page 614 
the parties . . . that in case the building . . . shall be partially damaged by fire or otherwise, the same shall be repaired as speedily as possible at the expense of the said landlord; that in case the damage shall be so extensive as to render the building or demised premises untenantable, the rent shall cease until such time as the building shall be put in complete repair." The pertinent language here is that the rent shall cease only "if the damage is so extensive as to render the . . . demised premises untenantable." Under Connecticut law, whether premises have been rendered untenantable is a factual question to be decided after "a careful consideration of `the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed.' Reid v. Mills, 118 Conn. 119, 122, 171 A. 29 . . . ." Thomas v. Roper, 162 Conn. 343, 347, 294 A.2d 321
(1972). The trial court, in its memorandum of decision, failed to set forth sufficient facts upon which to base its decision that the premises were untenantable. Practice Book, 1978, 3060B, requires that the court "state its decision on the issues in the case and, if there are factual issues, the factual basis of its decision." In this case, the memorandum sets forth only the fact that the premises were partially damaged by water leaks. The trial court failed to explain in what way and to what extent these leaks interfered with the defendant's use of the premises as a restaurant. This finding was insufficient to support the conclusion of untenantability which the trial court reached in rendering judgment for the defendant. See Ford v. Hotel Restaurant Employees Bartenders Union, 152 Conn. 533, 534,209 A.2d 187 (1965), appeal after remand,155 Conn. 24, 229 A.2d 346 (1967). *Page 615 
 There is error, the judgment is set aside and the case is remanded for further proceedings according to law.
In this opinion ARMENTANO and SHEA, Js., concurred.