JEFFREY P. OSSEN *v.* DONNA KREUTZER
(7297)

O'CONNELL, STOUGHTON and FOTI, Js.

Argued June 8—decision released September 5, 1989

*Barry T. Pontolillo,* for the appellant (plaintiff).
*Donna Kreutzer,* pro se, the appellee (defendant).

FOTI, J. The plaintiff appeals from the judgment dismissing his summary process action. The sole issue presented in this appeal is whether, as a jurisdictional prerequisite to a summary process action initiated pursuant to General Statutes § 21-80 (b) (3) (B),[1] the plaintiff must allege in his complaint a "preliminary and distinct thirty day written notice period."

---

[1] General Statutes § 21-80 provides in pertinent part: "GROUNDS FOR SUMMARY PROCESS OR TERMINATION OF RENTAL AGREEMENT. PROCEDURE FOR SUMMARY PROCESS ACTION OR TERMINATION OF RENTAL AGREEMENT. RENT INCREASE. (a) An action for summary process may be maintained by the owner of a mobile manufactured home park against a mobile manufactured home resident, who rents his mobile manufactured home from such owner, for the following reasons which shall be in addition to other reasons allowed under chapter 832 and except as otherwise specified, proceedings under this section shall be as prescribed in said chapter 832:

"(1) A conviction of the resident of a violation of a federal or state law or local ordinance which the court finds to be detrimental to the health, safety and welfare of other residents in the park but no notice to quit possession shall be required;

"(2) The continued violation of any reasonable rule established by the owner, provided a copy of such rule has been delivered by the owner to the resident prior to entering into a rental agreement and a copy of such rule has been posted in a conspicuous place in the park and, provided further the resident receives written notice of the specific rule or rules being violated at least thirty days before the time specified in the notice for the resident to quit possession of the mobile manufactured home or occupancy of the space or lot; or

"(3) A change in use of the land on which such mobile manufactured home is located, provided all the residents affected are given written notice at least three hundred sixty-five days before the time specified in the notice for the resident to quit possession of the mobile manufactured home or occupancy of the lot.

"(b) (1) Notwithstanding the provisions of section 47a-23, an owner may terminate a rental agreement or maintain a summary process action against

The facts are not in dispute. On December 3, 1987, the plaintiff lessor and the defendant lessee entered into a written lease for the rental of a mobile home lot. Under the terms of the lease, the defendant agreed to pay an annual rent of $2280, payable in twelve monthly installments of $190, each to be paid on the first of each month beginning in January, 1988. The defendant took possession and subsequently failed to pay the rent due

a resident who owns his mobile manufactured home only for one or more of the following reasons:

"(A) Nonpayment of rent, utility charges or reasonable incidental services charges;

"(B) Material noncompliance by the resident with any statute or regulation materially affecting the health and safety of other residents or materially affecting the physical condition of the park;

"(C) Material noncompliance by the resident with the rental agreement or with rules or regulations adopted under section 21-70;

"(D) Failure by the resident to agree to a proposed rent increase, provided the owner has complied with all provisions of subdivision (5) of this subsection; or

"(E) A change in the use of the land on which such mobile manufactured home is located provided all of the affected residents receive written notice at least three hundred sixty-five days before the time specified in the notice for the resident to quit possession of the mobile manufactured home or occupancy of the lot.

"(2) An owner may not maintain a summary process action under subparagraph (B), (C) or (D) of subdivision (1) of this subsection prior to delivering a written notice to the resident specifying the acts or omissions constituting the action or inaction complained of and allowing the resident twenty-one days in which to remedy such complaint.

"(3) Notwithstanding the provisions of section 47a-23, termination of any tenancy in a mobile manufactured home park shall be effective only if made in the following manner:

"(A) By the resident giving at least thirty days' notice to the owner;

"(B) By the owner giving the resident at least sixty days' written notice, which shall state the reason or reasons for such termination, except that, when termination is based upon subparagraph (A) of subdivision (1) of this subsection, the owner need give the resident only thirty days' written notice, which notice shall state the total arrearage due provided, the owner shall not maintain or proceed with a summary process action against a resident who tenders the total arrearage due to the owner within such thirty days and who has not so tendered an arrearage under this subparagraph during the preceding twelve months.

"(4) Except as otherwise specified, proceedings under this section shall be as prescribed by chapter 832."

for the months of February, March, April and May of 1988. By way of a notice to quit possession dated May 12, 1988, and served upon the defendant on May 14, 1988, the plaintiff notified the defendant to vacate the lot on or before June 16, 1988. The notice to quit stated the total arrearage due. The notice to quit served upon the defendant was referred to in the complaint and appended as an exhibit. The defendant did not tender the arrearage prior to June 16, 1988,[2] and remains in possession.

On August 10, 1988, the trial court held a hearing and determined sua sponte that it lacked subject matter jurisdiction to hear the plaintiff's claim because the plaintiff failed to comply with General Statutes § 21-80 (b) (3) (B). The trial court interpreted that statute to require the plaintiff, as a prerequisite to the institution of a summary process action, to give the defendant an additional thirty days notice as required under General Statutes § 47a-15.[3] Because we conclude that the only notice requirements applicable to a summary process action initiated under § 21-80 for nonpayment of rent are clearly set forth in § 21-80 (b) (3) (B) and that no separate, preliminary notice period is required, we find error.

---

[2] The defendant conceded during oral argument that she tendered the arrearage at least four months after the thirty day grace period had expired.

[3] "[General Statutes] Sec. 47a-15. NONCOMPLIANCE BY TENANT. LANDLORD'S REMEDIES. Except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based on nonpayment of rent or based on conduct by the tenant which constitutes a serious nuisance, if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, the landlord may deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or

"As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." *Lampasona* v. *Jacobs,* 209 Conn. 724, 729, 553 A.2d 175 (1989). Section 21-80 (b) (3) applies to summary process actions involving mobile home parks. Id. Notwithstanding the provisions of § 47a-23, the general summary process statute, when a tenant, as in this case, breaches her lease by failing to pay rent, and the landlord seeks to terminate the tenancy, the landlord must follow the procedures enunciated in § 21-80 (b) (3) (B). Under that section, to effectuate the termination the landlord must give the resident thirty days written notice and that notice must state the total arrearage due. If the tenant tenders the total arrearage due within the thirty day notice period provided in this section, the landlord "shall not maintain or proceed with the summary process action." General Statutes § 21-80 (b) (3) (B). The purpose for reciting the total arrearage due in the notice is to afford the tenant a final opportunity to save the tenancy by tendering the total arrearage within the thirty day grace period. If tender is made within the grace period, the statute bars further action by the landlord. Thus, under

payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such twenty-one-day period, the rental agreement shall not terminate; or (2) if substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive. For the purposes of this section, 'serious nuisance' means (A) inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and under circumstances which would lead a reasonable person to believe that such threat will be carried out, (B) substantial and wilful destruction of part of the dwelling unit or premises, (C) conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or (D) using the premises for prostitution or the illegal sale of drugs."

the plain language of § 21-80 (b) (3) (B), the prerequisites to the maintenance of a summary process action for nonpayment of rent are a written thirty day notification to the tenant and a statement of the total arrearage due. Section 21-80 (b) (3) (B) does not, as the trial court found, require a separate, preliminary notice period pursuant to § 47a-15.

Section 47a-15 applies to residential apartments generally; *Hoban* v. *Masters,* 36 Conn. Sup. 611, 613, 421 A.2d 1318 (1980); and provides that under certain circumstances, in which a tenant fails to comply with his or her rental obligations under § 47a-11, the landlord is required to deliver to the tenant a written notice "specifying the acts or omissions constituting the breach" and to give the tenant thirty days to abate the violation or risk the termination of the tenancy. This notice provision has been interpreted to be separate from and preliminary to the maintenance of a summary process action pursuant to § 47a-23. See *Marrinan* v. *Hamer,* 5 Conn. App. 101, 104, 497 A.2d 67 (1985); *Kapa Associates* v. *Flores,* 35 Conn. Sup. 274, 278, 408 A.2d 22 (1979).

The trial court's reliance on § 47a-15 in a case involving a summary process action to regain possession of a mobile home lot, and one involving nonpayment of rent, was misplaced. First, § 47a-15 is inapplicable to proceedings initiated under § 21-80. Section § 21-80 (b) (4) provides that unless otherwise specified, "proceedings under this chapter shall be prescribed under Chapter 832," the general summary process chapter. General Statutes § 47a-15 is located in chapter 830 of the General Statutes and, therefore, does not apply to proceedings involving mobile home parks. Furthermore, even if we were to assume that § 47a-15 was applicable, the plain language of this section exempts a landlord from compliance with its notice provisions in cases where the breach of the rental agreement is based on a tenant's nonpayment of rent.

Second, § 21-80 includes a notice provision similar to that prescribed by § 47a-15 and, like § 47a-15, does not apply where the termination of lease is based on the tenant's failure to pay rent. That proposition is supported by the plain language of § 21-80 (b) (2), which states that a landlord "may not maintain a summary process action under subparagraph (B), (C) or (D) of subdivision (1) of this subsection prior to delivering a written notice to the resident specifying the acts or omissions constituting the action or inaction complained of and allowing the resident twenty-one days to remedy such complaint." That section, like § 47a-15, provides a separate and preliminary notice requirement to allow a tenant in a mobile home park to abate the claimed violation. The twenty-one day notice period is required, however, only when the tenant's noncompliance with his lease obligations is based on one of the subdivisions enumerated in § 21-80 (b) (2), including subparagraphs (B), (C) or (D). The reason of nonpayment of rent, listed as subparagraph (A), is specifically excluded from the preliminary notice requirements of § 21-80 (b) (2).

We conclude that under § 21-80, when a landlord seeks to terminate a tenancy for nonpayment of rent, only the notice requirements set forth in § 21-80 (b) (3) (B) are applicable. Although we recognize that the provisions of § 21-80 (b) (3) (B) were designed to afford greater protection to mobile manufactured home owners who rent lots than other tenants, the law does not require a preliminary and distinct thirty day written notice pursuant to § 21-80 (b) (3) (B).

There is error, the judgment is set aside and the case is remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.