HOUSING AUTHORITY OF THE CITY OF NORWALK
*v.* MARY HARRIS ET AL.
(10802)

NORCOTT, FOTI and LANDAU, Js.

Argued June 5—decision released August 18, 1992

*Steven R. Berg,* with whom were *Dennis O'Brien* and *Terrence Real,* for the appellant (named defendant).

*Bruce L. Lev,* with whom was *Donna M. Lattarulo,* for the appellee (plaintiff).

LANDAU, J. The defendant Mary Harris[1] appeals from the trial court judgment of possession in favor of the plaintiff, the housing authority of the city of Norwalk (housing authority), in a summary process action. The dispositive issue in this appeal, a question of first impression in this state, is whether the plaintiff was required to include a *"Kapa* notice"[2] in its notice to quit as a condition precedent to commencing the summary process action against the defendant.[3] We con-

---

[1] Also named in the complaint, but not party to this appeal, are three of the defendant's children, Mary Harris, Jr., Kim Harris and Parks Harris, Jr. We will refer in this opinion to Marry Harris as the defendant.

[2] The phrase *"Kapa* notice" comes from *Kapa Associates* v. *Flores,* 35 Conn. Sup. 274, 408 A.2d 22 (1979), which requires a landlord seeking to evict on the basis of specifically enumerated conduct of a tenant to notify the tenant of the particular acts or omissions forming the basis of the termination and the fact that he or she is entitled to twenty-one days to rectify the misuse. See General Statutes § 47a-15.

[3] The other issue raised by the defendant was that the trial court relied on improper criteria in reaching its factual conclusion that the defendant did not satisfy her burden of proving that she had no knowledge of her daughter's drug sales.

clude that a *Kapa* notice was required in the plaintiff's notice to quit in order to confer jurisdiction on the trial court.

The following undisputed facts are relevant to our resolution of this appeal. The defendant, a widowed mother of seven, has been living in Roodner Court, federally subsidized public housing, in Norwalk since 1959. In September of 1983, the plaintiff and the defendant entered into a written lease of apartment 3F in building twenty-three of Roodner Court. Also living in the apartment and specifically named on the lease are the defendant's children, Mary Harris, Jr., and Parks Harris, Jr. On March 1, 1990, Mary, Jr., was arrested for selling narcotics in an outdoor stairwell between buildings eleven and twelve at Roodner Court, an area that could not be seen from the defendant's apartment. The police connected neither the defendant nor her apartment with the daughter's illegal conduct. As a direct result of the daughter's arrest, the plaintiff caused a notice to quit possession to be served on the defendant on June 1, 1990.[4] The notice to quit alleged that the defendant had failed to meet her duty as a tenant under General Statutes § 47a-11 (g)[5] to require others on the premises with her consent to conduct themselves in a manner that does not constitute a serious nuisance. Specifically, the notice to quit alleged that she created a serious nuisance by using or permitting the use of the premises for illegal sale of drugs. The notice did not inform the defendant of her statutorily

[4] Pursuant to a concededly inflexible drug policy enacted by the housing authority, if evidence of drug sales by a family member of a resident is presented to the housing authority, it institutes eviction proceedings against the entire family.

[5] General Statutes § 47a-11 provides in relevant part: "A tenant shall . . . (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32, or a serious nuisance, as defined in section 47a-15 . . . ."

guaranteed right to rectify the alleged violation within twenty-one days. General Statutes § 47a-15.[6] The defendant remained in possession and the plaintiff instituted a summary process action seeking a judgment of possession against the defendant. The plaintiff's complaint in the summary process action alleged that Mary Harris, Jr., "committed acts upon the premises which constituted use of the premises for the illegal sale of drugs" and that "[her] conduct . . . on the premises constitutes a serious nuisance as defined in [General Statutes] § 47a-15, in violation of [General Statutes] § 47a-11 (g)." There is no reference to any conduct on the part of the defendant. In her fourth special defense, the defendant alleged that the plaintiff failed to notify her as required by § 47a-15.

The trial court concluded, inter alia, that the defendant "failed to require Mary, Jr., to conduct herself in a manner that did not constitute a serious nuisance" and that "a *Kapa* notice . . . is not required where a tenant has caused a serious nuisance." On the basis of these findings, the trial court rendered judgment for the plaintiff. From this judgment, the defendant has appealed.

The defendant argues that the plaintiff was required, pursuant to General Statutes § 47a-15, to notify the defendant in writing prior to the commencement of the

---

[6] General Statutes § 47a-15 provides in relevant part: "Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based on nonpayment of rent, on conduct by the tenant which constitutes a serious nuisance or on a violation of subsection (h) of section 47a-11 . . . the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate . . . ."

summary process action of the particular acts or omissions forming the basis of the termination and the fact that she was entitled to twenty-one days to rectify the misuse. The essence of the defendant's argument is that § 47a-15 requires landlords to notify tenants of these rights except where specifically exempted in that statute, and that her conduct does not fall within one of the enumerated exemptions. Specifically, as related to this case, the defendant argues that General Statutes § 47a-15 exempts the plaintiff from providing such notification only where the landlord elects "to evict based on . . . conduct by *the* tenant which constitutes a serious nuisance"; (emphasis added); General Statutes § 47a-15; and that because the plaintiff neither alleged nor proved any conduct of the defendant that would constitute a serious nuisance, the plaintiff was required to adhere to the notice requirement of General Statutes § 47a-15. The plaintiff argues that the language of § 47a-15, that exempts the plaintiff from adhering to its notice requirement based on "conduct by the tenant which creates a serious nuisance," necessarily includes the defendant, as well as her daughter,[7] because the purpose of the statute is to hold tenants liable for the activities of all members of the household. We agree with the defendant.

Summary process is a statutory remedy that enables a landlord to recover possession from a tenant on the termination of a lease. General Statutes § 47a-23. The remedy of summary process is available only when there is a lease and the lease has been terminated. *Jefferson Garden Associates* v. *Greene,* 202 Conn. 128, 143, 520 A.2d 173 (1987). " 'Because of the summary nature of this remedy, the statute granting it has been

---

[7] There is no dispute that the conduct of the defendant's daughter constituted a serious nuisance by her as defined by General Statutes § 47a-15, and, therefore, that the plaintiff was not required to provide her with notice prior to commencing a summary process action against her.

narrowly construed and strictly followed.' " *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600–601, 96 A.2d 217 (1953); *Marrinan* v. *Hamer,* 5 Conn. App. 101, 103, 497 A.2d 67 (1985). It follows that, before a landlord may pursue its statutory remedy of summary process, the landlord must prove compliance with all of the applicable preconditions set by state and federal law for the termination of a lease. "[Summary process] is preceded by giving the statutorily required notice to quit possession to the tenant. *Webb* v. *Ambler,* 125 Conn. 543, 552–53, 7 A.2d 228 (1939)." *Housing Authority* v. *Hird,* 13 Conn. App. 150, 155, 535 A.2d 377, cert. denied, 209 Conn. 825, 552 A.2d 433 (1988); *Marrinan* v. *Hamer,* supra. "As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity." *Lampasona* v. *Jacobs,* 209 Conn. 724, 729, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989); *Ossen* v. *Kreutzer,* 19 Conn. App. 564, 568, 563 A.2d 741 (1989). "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction. . . . To further this salutary purpose, the notice requirements of § 47a-15 must be construed strictly." (Citations omitted.) *Jefferson Garden Associates* v. *Greene,* supra, 143–44.

"Section 47a-15 applies to residential apartments generally; *Hoban* v. *Masters,* 36 Conn. Sup. 611, 613, 421 A.2d 1318 (1980); and provides that under certain circumstances, in which a tenant fails to comply with his or her rental obligations under § 47a-11, the landlord is required to deliver to the tenant a written notice 'specifying the acts or omissions constituting the breach' and to give the tenant thirty days to abate the violation or risk the termination of the tenancy. This

notice provision has been interpreted to be separate from and preliminary to the maintenance of a summary process action pursuant to § 47a-23. See *Marrinan* v. *Hamer,* [supra, 104]; *Kapa Associates* v. *Flores,* 35 Conn. Sup. 274, 278, 408 A.2d 22 (1979)." *Ossen* v. *Kreutzer,* supra, 569.

" 'The language of [§ 47a-15] is clear and unequivocal. It creates a thirty-day reconciliation period, allowing errant tenants to remedy their first miscue within twenty-one days of the termination notice.' *Kapa Associates* v. *Flores,* [supra]. The legislative purpose is to discourage summary evictions against first offenders; the machinery of summary process is suspended pending any reoccurrence of substantially the same violation within six months. Id." *Marrinan* v. *Hamer,* supra. Additionally, the plain language of § 47a-15 expressly exempts a landlord from compliance with its notice provisions in cases where the breach of the rental agreement is based on a tenant's nonpayment of rent or conduct by the tenant that constitutes a serious nuisance or on conduct that constitutes a violation of § 47a-11 (h). See footnote 7, supra.

The question at the heart of this appeal is whether the defendant's conduct is "conduct by a tenant which constitutes a serious nuisance." General Statutes § 47a-15. If her conduct constitutes a serious nuisance, a *Kapa* notice is not required. If her conduct does *not* constitute a serious nuisance, a *Kapa* notice is required. General Statutes § 47a-11 (g) distinguishes between the duty of a tenant to refrain from committing a serious nuisance, as defined by § 47a-15, and the duty of a tenant to require others on the premises with her consent to conduct themselves in a manner that does not constitute a serious nuisance. "For the purpose of [General Statutes § 47a-15], 'serious nuisance' means . . .

using the premises for . . . the illegal sale of drugs."[8] General Statutes § 47a-15.

As noted earlier, the notice to quit alleged that the defendant violated § 47a-11 (g) by "creat[ing] a serious nuisance by using or permitting the use of the premises for illegal sale of drugs." The trial proceeded on the theory that the summary process action against the defendant was based on the defendant's having violated the statute by permitting the use of the premises for the illegal sale of drugs, not that she personally used the premises for the illegal sale of drugs. Failure to require others to conduct themselves in a manner that does not constitute a serious nuisance, however, is not itself a serious nuisance as defined by § 47a-15. An enumeration of powers in a statute forbids things not enumerated; *State ex rel. Barlow* v. *Kaminsky,* 144 Conn. 612, 620, 136 A.2d 792 (1957); and an express mention in a statute of one exemption precluded reading others into the statute. *State* v. *Kish,* 186 Conn. 757, 765, 443 A.2d 1274 (1982); *Connecticut Light & Power Co.* v. *Walsh,* 134 Conn. 295, 301, 57 A.2d 128 (1948).

We conclude that the defendant's conduct did not constitute a serious nuisance as defined by General Statutes § 47a-15 and, thus, the plaintiff was not relieved of its obligation to notify the defendant, in its notice to quit, of the acts or omissions forming the basis of the termination and that she was entitled to twenty-one days in which to rectify the violation. The plaintiff's failure to provide the defendant with a proper notice to quit deprived the trial court of jurisdiction to render judgment. See *Lampasona* v. *Jacobs,* supra.

[8] Premises is defined as "a dwelling unit in the structure of which it is a part and facilities and appurtenances therein and grounds, areas and facilities held out for the use of tenants generally or whose use is promised to the tenant." General Statutes § 47a-1 (g).

A review of the legislative history further supports our conclusion in this case. The Senate hearings on Public Acts 1980, No. 80-288, reveal that the thirty day notice requirement of General Statutes § 47a-15 would be waived if an individual has been *convicted* of one of a series of offenses and the waiver of notice requirements apply *exclusively* to individuals who have been convicted of crimes under the terms of the bill. 23 S. Proc., Pt. 9, 1980 Sess., pp. 2722–23. Although the legislature has altered, through amendments, the type of conduct requiring the notice provisions of the statute (serious nuisance replaced illegal conduct), and the burden on a tenant where a landlord seeks to evict on the basis of the tenant's failure to require others on the premises with his consent to conduct themselves in a manner that does not constitute a serious nuisance when the tenant claims to have no knowledge of such conduct (burden shifts to the defendant to prove lack of knowledge), the legislature has taken no action regarding whom the statute was intended to reach. There is clear intent to treat differently those committing a serious nuisance and those who failed to require others to desist from committing a serious nuisance.

A further review of the legislative history indicates that the purpose of the statute is not to hold tenants responsible for the activities of other members of the household, as argued by the plaintiff. Rather, the purpose of the statute is to abate the nuisance by providing the tenant with one opportunity to eliminate the cause of the nuisance. This purpose is most effectively served by requiring compliance with § 47a-15.

The judgment is reversed and the case is remanded to the trial court with direction to render judgment dismissing the plaintiff's complaint.

In this opinion the other judges concurred.