[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER THIS ACTION SHOULD BE DISMISSED FORPLAINTIFF'S ALLEGED NON COMPLIANCE WITH PRE-TERMINATION REQUIREMENTS OFSTATE AND FEDERAL LAW
Defendant Charlestine Young resides with her two sons in an apartment owned by defendant Housing Authority of the City of New Haven (hereafter Housing Authority). Plaintiff Housing Authority brings this summary process action in four counts based upon its claim that the arrest of one of the defendant's sons for allegedly selling drugs on the grounds of the Housing Authority constitutes either a nuisance or a serious nuisance. Defendant Charlestine Young has filed a Motion to Dismiss this action in which she asserts that this court does not have jurisdiction for the following reasons: 1) the pre-termination notice required under General Statutes § 47a-15 did not adequately advise her of the factual and legal bases for termination of her lease; 2) the pre-termination notice failed to advise her of the right under § 47a-15 to cure any alleged violations of the lease or of state law; 3) the written decision of the hearing officer, rendered pursuant to the expedited Tenant Grievance Procedure, is CT Page 4180-K inadequate under federal law; and, 4) the plaintiff Housing Authority failed to provide her with an informal conference under the Tenant Grievance Procedure.[1]
In the first count the plaintiff claims that the defendant's right to possession of the premises has terminated because the defendant has breached or is in material noncompliance with section 10(B)(3) of the lease which states the following: "You agree: [t]o comply with all State or Federal laws imposed on You, including laws which materially affect health or safety." The plaintiff also claims that the defendant has violated specific federal regulations.[2]
A four count Revised Complaint sets out plaintiff Housing Authority's factual and legal claims in detail. In Count one the plaintiff contends that the parties entered into a written lease on October 27, 1983 for use and occupancy of premises known as 98 East Ramsdell Street in New Haven, Connecticut. Furthermore, the plaintiff asserts that at a meeting on March 7, 1994 at the West Rock Neighborhood Corporation the defendant was informed by the plaintiff's representative about reports that her sons were engaged in the illegal sale of drugs either from the subject premises or on property owned by the Housing Authority. The plaintiff claims that at the meeting the defendant admitted that there was a problem with drugs in her household, but she would not admit that her sons are using or selling drugs. The plaintiff further claims that its legal department warned the defendant at that meeting that if her sons are ". . . found engaging in the illegal sale of narcotics, she would be placed under eviction."
The plaintiff further alleges in the first count that one of the defendant's sons was arrested on May 10, 1994, and charged with possession of narcotics with intent to sell. The plaintiff also alleges that it served the defendant via certified and regular mail with a letter "Re: Pre-Termination Notice," also characterized as a "Kappa" notice which 1) states that the notice itself is given in compliance with all federal and state laws, including General Statutes § 47a-15, relative to satisfying all legal requirements of evictions, 2)informed her of its decision to terminate her lease, 3) notified her that she should vacate the premises within 30 days; and 4) informed her that ". . . since the Housing Authority's intention to evict [her] is based on criminal activity and/or illegal drug-related criminal activity on or near the subject premises (or conduct constituting a serious nuisance under state law), [her] right CT Page 4180-L (administratively) to contest this eviction is limited to the expedited process under the Tenant Grievance Procedure." However, the Notice did not state that the tenant had 21 days in which to cure any claimed violations of the lease or federal or state laws so as to avoid the landlord's filing a summary process action.
The first count also contains the allegation that defendant Charlestine Young requested and the plaintiff provided a hearing on July 19, 1994. Hearing Officer Kathleen Trainor issued a Tenant Grievance Decision, dated July 19, 1994, Re' Formal Hearing of Charlestine Young. The decision has four parts, to wit: 1) the date of the "formal hearing;" 2) the name and address of the tenant; 3) summary of grievance; and 4) decision of hearing officer. The summary of grievance section states that the "[t]enant requested a formal hearing to dispute alleged nuisance activity." The hearing officer states the following in the section entitled "Decision of Hearing Officer:"
 Based upon the statements made at this hearing it is apparent that the tenant has made no steps toward addressing the problem of drug activity by her sons, and it appears unlikely that she will do so. No cause to suspend termination of tenancy proceedings.
No other substantive information appears on the Tenant Grievance Decision form.
Finally, Count One alleges that the plaintiff served a notice to Quit upon defendant Charlestine Young on September 8, 1994, advising her to leave the premises on or before September 16, 1994. The Notice to Quit does not inform the defendant that she has 21 days in which to cure any claimed violations of the lease or claimed violation of any federal or state laws so as to avoid the landlord's filing a summary process action against her. Obviously, the defendant has remained on the premises.
Count two of the Revised Complaint alleges a violation of section 10(B)(16) of the lease, which states the tenant's obligation "[t]o refrain from any conduct which disturbs other tenants and from illegal conduct and activities which threaten the physical or social environment." The plaintiff asserts that its summary process action for violations of the lease is permitted under General Statutes § 47a-23(a)(1)(C).[3]
CT Page 4180-M
The Third Count of the Revised Complaint alleges that the defendant has violated General Statutes § 47a-11(g), which requires a tenant to "conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32, or a serious nuisance, as defined in § 47a-15. . . ." The plaintiff alleges that its summary process action is authorized by General Statutes § 47a-23(a)(1)(F), which requires a lessor to give notice to quit to a lessee or occupant when a rental agreement terminates for violation of § 47a-11.
In the Fourth Count of the Revised Complaint plaintiff Housing Authority alleges that the defendant violated General Statutes § 47a-15(D) which states that "[prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based . . . on conduct by the tenant which constitutes a serious nuisance . . . the landlord shall deliver a written notice to the tenant. . . . For purposes of this section, `serious nuisance' means . . . (D) using the premises for prostitution or the illegal sale of drugs."
The plaintiff further alleges in count four that § 47a-23(a)(1)(G) authorizes this action. That subsection provides that when the rental agreement terminates because of a nuisance or serious nuisance, the lessor shall give to each lessee or occupant notice to quit.
In its memorandum in opposition to defendant Charlestine Young's motion to dismiss, and in its supplemental memorandum, plaintiff Housing Authority argues that the claims raised by her relate to sufficiency of process, implicating personal jurisdiction over the defendant, and in no way affecting the subject matter jurisdiction of this court. Furthermore, the plaintiff asserts that the defendant has waived her claims of insufficiency of process.
Whenever the claim of lack of subject matter jurisdiction is raised, the court must resolve it prior to proceeding to the merits. "The Superior Court lacks subject matter jurisdiction only if it has no competence to entertain the action before it."Bridgeport v. Debek, 210 Conn. 175, 180 (1989). Although the Superior Court has subject matter jurisdiction, pursuant to General Statutes § 47a-23a, to entertain a summary process CT Page 4180-N action, it is clear that "[t]he failure to comply with the statutory procedures deprives a court of jurisdiction to hear the summary process action." Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. App. 574, 582, cert. den. 209 Conn. 826
(1988). In summary process actions, it is well established that a valid notice to quit is a prerequisite to subject matter jurisdiction. Lampasona v. Jacobs, 209 Conn. 724, 728-730 (1989);Kappa Associates v. Flores, 35 Conn. Sup. 274 (Superior Ct. 1979). Accordingly, the court must next address the substance of the defendant's claims as to lack of subject matter jurisdiction.
Defendant Christine [Charlestine] Young argues that the pretermination [pre-termination] notice given did not adequately advise her of the legal and factual bases for termination, as required by federal law.[4] First, the defendant asserts that the notice contains a misstatement of the law in that the notice states that she violated 24 C.F.R. § 966.4(f)(12)(i)(A) and (B).[5] The defendant asserts that these sections prescribe provisions that housing authorities must incorporate into leases with tenants. Therefore, the defendant argues, a tenant cannot be in direct violation of these provisions as they are set out in the pre-termination notice. The plaintiff claims, however, that once the provisions are incorporated into the lease the tenant could be in violation of the lease. However, the defendant claims that since the lease agreement did not incorporate the provisions of the federal regulations, the plaintiff can not use a violation of the federal regulations as a legal basis for terminating the lease.[6]
The Court agrees with the defendant's positions that the term "Code of Federal Regulations" and/or references to the aforesaid specific provisions of said Code of Federal Regulations as such do not appear any where in the lease between the parties, including part 10(B) the section of the lease that sets out the obligations of the tenant. Accordingly, this court finds that the claim by plaintiff Housing Authority that the defendant violated federal regulations set out in the lease is an impermissible basis for termination. The court notes parenthetically that the aforesaid specific federal regulations impose upon the Housing Authority the obligation of specifically including the provisions of said regulations in its leases with its tenants.
Defendant Charlestine Young next asserts that the pre-termination notice is defective, and deprives the court of jurisdiction, because the notice incorrectly charges that she CT Page 4180-O committed a serious nuisance by her conduct, or by the conduct of her guests or persons on the premises with her consent or under her control. Presumably the conduct referred to is the arrest of her minor child for the alleged sale of drugs not in her apartment but on the grounds of property owned by defendant Housing Authority. The defendant maintains that only the conduct of a tenant (i.e. named in the lease), not her child can result in a charge of serious nuisance. The Supreme Court opinion inHousing Authority of the City of Norwalk v. Harris, 225 Conn. 600
(1993) certainly supports the defendant's position in this regard. In Housing Authority of the City of Norwalk, supra, the Supreme Court affirmed the Appellate Court decision on this proposition in its case of Housing Authority of the City ofNorwalk v. Harris, 28 Conn. App. 684 (1992). The following quotation from the Appellate Court decision is illustrative:
 . . . the notice to quit alleg[es] that the defendant violated § 47a-11(g) [of Tenant's Duties and Responsibilities to not create or allow others to create serious nuisance on premises] by `creat[ing] a serious nuisance by using or permitting the use of the premises for illegal sale of drugs.' The trial proceeded on the theory that the summary process action against the defendant was based on the defendant's having violated the statute by permitting the use of the premises for the illegal sale of drugs. Failure to require others to conduct themselves in a manner that does not constitute a serious nuisance, however, is not itself a serious nuisance as defined by § 47a-15.
Housing Authority of the City of Norwalk v. Harris, Id. at 691.
Unlike the facts in Jefferson Garden Associates v. Greene,202 Conn. 128 (1987), plaintiff Housing Authority in this case has neither alleged in its Revised Complaint nor established that defendant Charlestine Young was given notice that she had 21 days within which to cure a violation of the lease, or within which to CT Page 4180-P cure a violation of a federal or state law as a condition prerequisite to the continuation of her lease, or so as to avert the filing of a summary process action against her.
As stated by the Appellate Court in Housing Authority of the Cityof Norwalk v. Harris, supra,
 . . . the purpose of the statute is not to hold tenants responsible for the activities of the other members of the household. . . . Rather, the purpose of the statute is to abate the nuisance by providing the tenant with one opportunity to eliminate the cause of the nuisance. This purpose is most effectively served by requiring compliance with § 47a-15.
Id. at 692. Inasmuch as plaintiff Housing Authority has neither alleged nor established the giving of the 21-day notice to cure, the court must follow the dictates of the Appellate and Supreme Courts in determining its jurisdiction. Faced with a similar situation, the Appellate Court found the following:
 [w]e conclude that the defendant's conduct did not constitute a serious nuisance as defined by General Statutes § 47a-15 and, thus, the plaintiff was not relieved of its obligation to notify the defendant, in its notice to quit, of the acts or omissions forming the basis of the termination and that she was entitled to twenty-one days in which to rectify the violation. The plaintiff's failure to provide the defendant with a proper notice to quit deprived the trial court of jurisdiction to render judgment.
Housing Authority of the City of Norwalk v. Harris, Id. at 691.
The defendant has articulated several other alleged deficiencies in the process utilized by the plaintiff in its efforts to evict her, including the absence of a proper written decision on her grievance. The defendant claims that the written decision does not comport with the requirement of federal regulations. See 24 C.F.R. § 966.57(a). CT Page 4180-Q
Although the court agrees that said written decision does not comply with the standards set out in the federal regulations, neither the violation of said standard, nor a review of any other claimed deficiencies is necessary at this point inasmuch as the Court has found that the absence of the 21 day right to cure defeats the jurisdiction of the court to hear and decide this case.
For the foregoing reasons and upon the foregoing authorities, the defendant's Motion to Dismiss is granted.
Clarance J. Jones, Judge