[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: MOTION TO DISMISS
In this residential summary process action, the plaintiff seeks to dispossess the defendant on the grounds of lapse of time and serious nuisance. The defendant seeks to dismiss the action on the ground that the plaintiff failed to comply with C.G.S. § 47a-15. Specifically, the defendant argues that, based upon the allegations in the complaint, the plaintiff should have served a pretermination notice.
The Notice to Quit, served on April 11, 1995, with a termination date of April 30, 1995 listed the following as reasons for termination of lease:
a)Lapse of time
b)Serious nuisance — Connecticut General Statutes section47a-15 or section 21-80 Subsection (b)of the Notice to Quit is almost verbatim language from C.G.S. § 47a-23 (a)(1)(G)[1]
Although the defendant does not raise this issue, the court is concerned that the notice to quit does not apprise the defendant of "the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." JeffersonGarden Associates v. Green, 202 Conn. 128, 143 (1987); BushnellPlaza Development Corp. v. Brett (H-650)("The tenant should not be forced to guess the actual reason for the summary process action.")
The complaint alleges in ¶ 4:
 4. The lease expired on April 30, 1995, and the defendant has kept numerous cats on the premises and failed to clean and remove cat feces from the unit and the common hallway creating a serious nuisance as set forth in Connecticut General Statutes Section 47a-15 and Section 21-80.
C.G.S. § 47a-15 provides that a landlord who chooses to evict a tenant based on noncompliance
with § 47a-11 must send out a pretermination notice:
if there is a material noncompliance with section 47a-11
which materially affects the health and safety of the other tenants or materially affects the physic condition of the premises, . . ., and the landlord chooses to evict based on such CT Page 7431 noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. . . .
The statute then provides for a cure by the tenant within twenty one days of the notice. However, if the conduct constitutes a serious nuisance, no notice prior to termination is required. The statute defines such conduct:
 For the purposes of this section, "serious nuisance" means (A) inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and under circumstances which would lead a reasonable person to believe that such threat will be carried out, (B) substantial and wilful destruction of part of the dwelling unit or premises, (C) conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or (D) using the premises for prostitution or the illegal sale of drugs.
The plaintiff argues that, under the provisions of the above statute, ¶ 4 of the complaint does not allege serious nuisance so that a Kapa notice is required. The court's concern with the lack of specificity in the Notice to Quit as to the nature of the serious nuisance coupled with the defendant's argument leads to the conclusion that the plaintiffs cause of action grounded on serious nuisance must be dismissed. The allegations of ¶ 4 specify conduct, which if a pretermination notice had been sent, could have been remedied by the defendant prior to the action. "[T]he purpose of the statute is to abate the nuisance by providing the tenant with one opportunity to eliminate the cause of the nuisance. This purpose is most effectively served by requiring compliance with 47a-15." HousingAuthority v. Harris, 28 Conn. App. 684, 692 (1992)
There are four types of serious nuisance listed in the statute. At the very least, the plaintiff should specify which type in his notice to quit. And, as is likely in this case, he wishes to proceed under (C)type of serious nuisance claim, the notice to quit should specify the conduct which presents an immediate and serious danger to the safety of other tenants or the landlord.
The allegations contained in the complaint do not rise to the level of serious nuisance so that a pretermination notice was CT Page 7432 required under § 47a-15. In addition, the notice to quit as to serious nuisance was defective in its lack of specificity. . . "`As a condition precedent to a summary process action, proper notice to quit is a jurisdictional necessity'." Lampasona v.Jacobs, 209 Conn. 724, 729, 553 A.2d 175, cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989); Ossen v. Kreutzer,19 Conn. App. 564, 568, 563 A.2d 741 (1989). `. . . the notice requirements of 47a-15 must be construed strictly.'" (Citations omitted.) Jefferson Garden Associates v. Greene, supra, 143-44".Housing Authority v. Harris, 28 Conn. App. 684, 689 (1992).
For the above reasons, the court finds that the plaintiff has failed to comply strictly with the statutory provisions and accordingly the motion to dismiss the action on the ground of serious nuisance is granted.[2]
Alexandra Davis DiPentima, Judge