[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 13592
The plaintiff, Wooster Square Development Corporation, brings this action against the defendant, Jerry Leaphart Associates, P.C., seeking immediate possession of commercial premises located at 301 Main Street, Suite 300, Danbury.
The writ, summons and complaint is returnable November 7, 1997.
The defendant claims that the plaintiff failed to pay rent due on October 1, 1997, pursuant to the terms and conditions of a written lease appended to the complaint as Exhibit A.
On November 14, 1997, the plaintiff caused a notice to quit to be served upon the defendant, asking it to vacate the premises on or before October 21, 1997. (See Exhibit C, Writ, Summons and Complaint.)
The defendant filed an answer to the complaint, including six special defenses and two counts by way of counterclaim.
On November 7, 1997, the plaintiff replied to each of the special defenses and answered the defendant's counterclaims.
On November 19, 1997, the defendant filed a motion to dismiss and a memorandum of law in support of the motion to dismiss. The defendant claims that the notice to quit served by the plaintiff was defective, based upon the terms of the commercial lease agreement and also based upon the provisions of § 47a-15a of the Connecticut General Statutes.
The plaintiff objected to the motion to dismiss and filed a memorandum dated December 1, 1997.
The matter was heard on December 8, 1997.
The defendant's first claim is that the notice to quit is defective, based upon paragraph 24 of the Lease Agreement. That paragraph provides:
 (a) (1) If Tenant shall default in the payment of any rent or other payments required of Tenant, or any part thereof and is such default shall continue for five (5) days after the payment shall CT Page 13593 be due . . . Landlord lawfully may immediately, at any time thereafter, and without any further notice or demand, terminate this Lease and Tenant will forthwith quit and surrender the Demised Premises, but Tenant shall remain liable as hereafter provided.
Although, as defendant points out, paragraph 24 contains seven separate subparagraphs, only subparagraph (1) relates to nonpayment of rent. The clear and unambiguous terms of this commercial transaction reveal that if a default in the payment of rent continues for five days, the tenancy may be terminated at the option of the plaintiff.
There is no question that the notice to quit was served more than five days after rent became due on October 1, 1997. The defendant's claim that the notice to quit was defective in light of paragraph 24 of the Lease Agreement is not persuasive.
The defendant next claims, independent of the terms and conditions of the commercial lease, that § 47a-15a of the Connecticut General Statutes requires the plaintiff to afford the defendant a nine day grace period.
Since the lease in question concerns commercial property entered into freely between presumably sophisticated parties, General Statutes § 47a-1 through 47a-22a are inapplicable to this fact situation. Hoban v. Masters, 36 Conn. Sup. 611, 613
(1980).
Section 47a-1 defines "Landlord," "Tenant" and "Dwelling Unit" in terms which render Chapter 830 inapplicable to situations involving commercial leases.
However, even if Chapter 830 did apply to the instant fact pattern, the defendant is not benefitted [benefited] thereby. The notice to quit was served on October 14, 1997, a full fourteen days following the default for nonpayment of rent.
The motion to dismiss is denied.
Radcliffe, J. CT Page 13594