[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DISMISS
The Defendant Wagar Ahmad filed a Motion to Dismiss the complaint filed by plaintiff Getty Petroleum Marketing, Inc. ("Getty") in this commercial summary process action to regain possession of a Waterford, CT Getty gasoline station. For the reasons set forth below, the motion is denied.
In support of his motion, the defendant claims that the Court lacks subject matter jurisdiction based upon an insufficient Notice to Quit and an absence of a pretermination notice. The defendant also asserted that the Court lacked personal jurisdiction based on defective proof of service. This claim, however, was withdrawn on October 23, 2000 at the oral argument on the motion.
 FINDINGS OF FACT
As relevant to this motion to dismiss, the facts are as follows. On August 2, 1994, Getty and the defendant Ahmad entered into a written Retail Gasoline Station Lease Agreement and Lessee Supply Contract and accompanying riders for the use and occupancy of the Waterford station. (Plaintiff's Exhibits 1, 2, and 3). The lease and contract was for a period of three years beginning August 15, 1994 and ending July 31, 1997. On June 19, 1997, the terms of the Lease and Supply Contract were extended to July 31, 2000. Under the terms of the lease, the defendant operated the station as a commission lessee and Getty retained title to the gasoline, proceeds from the sale of the gasoline, the gasoline CT Page 15057 dispensing equipment and the underground storage tanks at the Waterford station.
By letter dated March 24, 2000, (Plaintiff's Exhibit 4), Getty elected not to renew the lease with the defendant which then expired as of July 31, 2000. A Notice to Quit was duly served on August 10, 2000. The Notice to Quit stated, in pertinent part,
 [O]n or before August 31, 2000 you are to quit possession or occupancy of the Getty gasoline station located at Route 32, Waterford, CT 06385, now occupied by you for the following reasons . . . . Termination and non-renewal of your Lease Agreement, including the Lessee Supply Contract, (Commission) incorporated therein, as indicated by the letter dated March 24, 2000 and sent to you from Getty.
After receiving this Notice to Quit, the defendant wrote to Getty acknowledging receipt and disputing the allegations contained in the Notice to Quit, requesting that the Notice to Quit be withdrawn and that the Lease and Lessee Supply Contract be renewed, or, in the alternative, that the defendant be given an additional two months to find a prospective buyer for the station. (Exhibit C to Plaintiff's Opposition to Defendant's Motion to Dismiss.)
 DISCUSSION
The defendant claims that the Notice to Quit is invalid because it fails to track the language of C.G.S. § 47a-23 which sets forth the grounds and form for a Notice to Quit. As set forth below, the Court finds that the Defendant was adequately apprised of the grounds for termination of the lease and the motion is denied.
Under C.G.S. § 47a-23 (a), the grounds for a Notice To Quit include "when one originally had the right or privilege to occupy such premises but such right or privilege has terminated." Section 47a-23 (b) requires that a defendant be notified of the "reason or reasons for the notice to quit possession or occupancy using the statutory language or words of similar import." Although the language of the Notice to Quit is not identical to the statute, it does substantially track the language of the statute. The Court finds that the Notice to Quit does use "words of similar import" to fully apprise the defendant that his "right or privilege to occupy the premises" had terminated. See Southland Corp. v.Vernon, 1 Conn. App. 439, 452-53 (1984); Jefferson Garden Assoc. v.Greene, 202 Conn. 128, 145 (1987); Thomas E. Golden Realty Co. v. SocietyFor Savings, 31 Conn. App. 575, 581 (1993). As in Southland and Golden,
CT Page 15058 this action involves a commercial lease where the defendant was informed specifically of the grounds for termination prior to service of the Notice to Quit in the form of the March 24, 2000 letter from Getty specifically referenced in the Notice to Quit.
The defendant's citation to Iacono v. Wilson, No. SPNO9 412-16715, SNBR 408 (1995) (Sup.Ct. JD of Stamford-Norwalk, at Norwalk, Housing Session, Tierney, J.) is unavailing. Because Iacono involved a residential eviction where the Notice to Quit was self-contradictory, the Court there held that the Notice to Quit was insufficient. UnlikeIacono, this matter involves a commercial lease where the defendant was clearly notified of the reasons for termination.
The defendant also claimed that he should have received a pretermination notice under C.G.S. § 47a-15. Because this case involves a commercial lease, that section does not apply and the Motion to Dismiss on this ground is also denied. See Hoban v. Masters,36 Conn. Sup. 611, 613 (App. Sess. 1980).
For the reasons set forth above, the Motion to Dismiss is DENIED.
So Ordered, this 4th day of December, 2000.
Jongbloed, J.