[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#27)
The defendant, North Star Management Directions, LLC, moves to dismiss this summary process action for lack of subject matter jurisdiction. The defendant claims that the plaintiff has failed to (1) give proper notice pursuant to General Statutes § 47a-15 and (2) properly name and serve all occupants of the subject premises pursuant to General Statutes §47a-23 (a). For the reasons set forth below, the motion is denied.
"In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) Brookridge DistrictAssn. v. Planning Zoning Commission, 259 Conn. 607, 611, 793 A.2d 215
(2002). "A motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Internal quotation marks omitted.)Pitruzello v. Muro, 70 Conn. App. 309, 312, ___ A.2d ___ (2002). "It is well established that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) Stepney Pond Estates,Ltd. v. Monroe, 260 Conn. 406, 417, 797 A.2d 494 (2002). In the present case, the defendant has not submitted any affidavits or any other competent evidence[1] in support of its motion. The court will therefore resolve the motion by looking to the facts alleged in the complaint.
The defendant first moves to dismiss on the ground that the plaintiff has not provided the defendant with a notice complying with the requirements of General Statues § 47a-15. Section 47a-15 applies only to residential leases, not commercial leases. Hoban v. Masters,36 Conn. Sup. 611, 613, 421 A.2d 1318 (App. Sess. 1980); see also Johnsonv. Fuller, 190 Conn. 552, 558, 461 A.2d 988 (1983); Housing Authority v.Harris, 28 Conn. App. 684, 689, 611 A.2d 934 (1992), aff'd, 225 Conn. 600,625 A.2d 816 (1993); Ossen v. Kreutzer, 19 Conn. App. 564, 569, CT Page 9088563 A.2d 741 (1989). The complaint indicates that the lease in the present case is one for "commercial rental." The defendant nevertheless argues that "the lease in the instant matter involves residential dwellings. . . ." As stated above, the defendant has not offered any evidentiary support for its motion to dismiss. Consequently, there is no evidentiary basis for the court to conclude that the lease between the plaintiff and defendant is a residential lease, and the court must accept as true the allegation that it is a commercial lease. On the basis of the record before the court, § 47a-15 is inapplicable and does not provide a basis for dismissal.
The defendant next moves to dismiss the action on the ground that the plaintiff has not complied with the provisions of § 47a-23 (a). Specifically, the defendant argues that the notice to quit was not served on, and did not name, all occupants of the subject premises. The defendant has not offered, and the court is unaware of, any authority for the proposition that such a deficiency would deprive this court of subject matter jurisdiction.
The defendant's argument is contrary to the statutory provisions governing summary process procedures. General Statutes § 47a-26h (c) sets forth the procedures to be followed when a plaintiff has failed to name an occupant in a summary process action. If, as the defendant argues, the failure to name an occupant required the dismissal of the summary process action for lack of subject matter jurisdiction, the provisions of § 47a-26h (c) would be useless, because there would never be a viable action in which they could be applied. This court cannot accept the defendant's argument because "[c]ourts must presume that the [legislature] did not intend to enact useless legislation." (Internal quotation marks omitted.) Badolato v. New Britain, 250 Conn. 753,761, 738 A.2d 618 (1999).
The defendant's argument is also inconsistent with the provisions of § 47a-26h (a). Pursuant to subsection (a)(3), a summary process judgment is binding on occupants whose presence is unknown and occupants whose presence is known but whose names are unknown "if the plaintiff has properly named and served each occupant whose presence is known with a notice to quit and a writ, summons and complaint in accordance with the provisions of sections 47a-23 and 47a-23a. . . ." General Statutes §47a-26h (a)(3). Subsection (a)(1), by contrast, states that a judgment is binding on "the named defendants" and is not limited to cases where the plaintiff has properly named and served each occupant whose presence is known. By placing this limitation in subsection (a)(3) but not in subsection (a)(1), the legislature appears to have contemplated that a named defendant could be bound by the judgment in a summary process action even when the plaintiff has failed to properly name and serve CT Page 9089 occupants whose presence is known. Consequently, the court has subject matter jurisdiction over this action even if the plaintiff has failed to name and serve occupants of the subject property as claimed by the defendant.
The motion to dismiss is denied.
Schimelman, J.