[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
This is an eight count civil damage suit in which the plaintiff claims breach of contract, promissory estoppel, third party beneficiary rights, conversion, fraudulent and/or negligent misrepresentation, breach of good faith and fair dealing, unjust enrichment and unfair trade practices. The prayers for relief seeks money damages, double the security deposit pursuant to Connecticut General Statutes § 47a-21(d)(2)(B), treble damages pursuant to Connecticut GeneralStatutes § 52-564, common law punitive damages and CUTPA punitive damages, attorney's fees and equitable relief pursuant toConnecticut General Statutes § 42-110g. The amount is in demand is less than $15,000.00.
The defendant filed a Motion to Strike addressed to the plaintiff's August 22, 1995 amended complaint seeking to strike the Third count alleging third party beneficiary rights, the Seventh count alleging unjust enrichment and the Eighth count alleging CUTPA. In addition the defendant seeks to strike the following paragraphs of the prayer for relief; (3) double the security deposit under Connecticut General Statutes § 47a-21(d)(2)(B); (8) attorney's fees for CUTPA under ConnecticutGeneral Statutes § 42-110g(d) et. seq.; (9) punitive damages for CUTPA under Connecticut General Statutes § 42-110g(a) et. seq. and (10) such other further legal and equitable relief as the court deems just and proper. Connecticut General Statutes §42-110g(a) and § 42-110g(d). Pursuant to Practice Book § 156 the court "shall specify in writing the grounds upon which that decision is based." The parties did not waive the written decision requirement when more than one ground for a motion to strike has been presented to the court.
FACTS
CT Page 14662
The defendant is engaged in the business, trade and practice of renting mobile homes spaces in Norwalk, Connecticut. The plaintiff was the owner of a mobile home located in the defendant's mobile home park on lot 14 known as Garden Estates Mobile Home Park which lot was leased from the defendant. The plaintiff sold his mobile home in July 1993 to Joseph Montezumer. The defendant assigned the lease for lot 14 to Joseph Montezumer on July 6, 1993. The original written lease is attached as an exhibit to the complaint. It is dated December 21, 1978 and was assigned to the plaintiff on October 1, 1988. The original lease contains the consent to assignment signature of Carmine Renzulli over the phrase "lease agreement assigned to Joseph Montezumer dated July 6, 1993."
On July 6, 1993 the defendant, Carmine Renzulli, Garden Estates Mobile Home Park, signed a one page handwritten document which states; "Robert Petruzzellis has deposited $2500.00 to the Garden Estates Mobile Home Park for security and performance reasons to sell his mobile home to Joseph Montezumer." Certain performance conditions were then listed. The last paragraph states; "After one year if all of the above is up to date the existing tenant, Robert Petruzzellis, will receive his security of $2500.00 plus interest from the Garden Estates Mobile Home Park." A third document attached as an exhibit to the complaint is a receipt signed by Garden Estates Mobile Home Park, Carmine Renzulli, dated July 6, 1993 stating "From Robert Petruzzellis ($2500.00) Two Thousand Five Hundred no/100 Dollars for security and performance."
This lawsuit was commenced after the $2,500.00 was not returned by the defendant to the plaintiff after the expiration of the one year. The Third count claims that the $2,500.00 is a security deposit under Connecticut General Statutes § 47a-21. The Third count also claims that the plaintiff is the third party beneficiary of the tenancy between the defendant and Joseph Montezumer and thus is entitled to the benefits ofConnecticut General Statutes § 47a-21. The Seventh count alleges unjust enrichment essentially realleging all prior counts including the Third count. In addition the plaintiff is seeking damages for requiring an excess security deposit including costs for removal of a tree on the mobile home lot. The Eighth count seeks CUTPA damages and realleges all prior counts including the Third and Seventh count. In addition to striking those three counts the defendant has moved to strike paragraphs (3), (8), (9) and (10) of the prayer for relief which the language is set CT Page 14663 forth in the beginning of this memorandum of decision.
DISCUSSION OF LAW
A motion to strike tests the legal sufficiency of a pleading. Practice Book § 152; Gordon v. Bridgeport HousingAuthority, 208 Conn. 161, 170 (1988); Mingachos v. CBS, Inc.,196 Conn. 91, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Kingv. Board of Education, 195 Conn. 90, 93 (1985). For the purposes in determining the motion, it admits the truth of the facts well pleaded but will not admit the truth or accuracy of conclusions or opinions of the pleader. Verdon v. TransamericaInsurance Company, 187 Conn. 363, 365 (1982). The courts cannot assume a fact which has not been alleged. Mingachos supra 108. "The court must construe the facts in the complaint most favorable to the plaintiff." Amodio v. Cunningham, 182 Conn. 80,82 (1980).
Connecticut General Statutes § 47a-21, the statute that the plaintiff is relying on in the Third count of his complaint, contains definition sections. "Landlord means any landlord of residential real property, and includes (A) any receiver; (B), any person who is a successor to a landlord or to a landlord's interest; and (C) any tenant who sublets his premises."Connecticut General Statutes § 47a-21(a)(6) "Tenant means a tenant, as defined in § 47a-1, or a resident, as defined in §21-64". Connecticut General Statutes § 47a-21(a)(12) "Resident means a person who owns, or rents and occupies, a mobile manufactured home in a mobile manufactured home park."Connecticut General Statutes § 21-64(5) The security deposit statute relates only to residential premises including mobile home parks as defined in Connecticut General Statutes § 21-64. To be able to state a cause of action under Connecticut GeneralStatutes § 47a-21 the plaintiff must demonstrate by the pleadings and exhibits on file that the plaintiff is a "tenant" as defined in § 47a-21(a)(12). Hoban v. Masters, 36 Conn. Sup. 611, 613
(1980). "These statutes were passed to aid residential apartment dwellers, and do not apply to commercial leases." Hoban v.Masters, supra 613.
The general rules of pleading are: "Each pleading shall contain a plain and concise statement of the material facts on which the pleader relies, but not of the evidence by which they are to be proved, such statement to be divided into paragraphs CT Page 14664 numbered consecutively, each containing as nearly as may be a separate allegation. If any such pleading does not fully disclose the ground of claim or defense, the court may order a fuller and more particular statement; and, if in the opinion of the court the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues, and such issues shall, if the parties differ, be settled by the court." Practice Book § 108
"When any claim made in a complaint, cross complaint, special defense, or other pleadings is grounded on a statute, the statute shall be specifically identified by its number."Practice Book § 109A(a)
The issues in this case involve the construction of the security deposit statute, Connecticut General Statutes § 47a-21. "The purpose of statutory construction is to give effect to the intended purposed of the legislature. . . . If the language of a statute is plain and unambiguous, we need look no further than the words actually used because we assume that the language expresses the legislature's intent" (internal citations omitted). State v. DeFrancesco, 235 Conn. 426, 435 (1995).
CONCLUSIONS OF LAW
Based upon the allegations of the plaintiff's complaint it is clear that Carmine Renzulli d/b/a Garden Estates Mobile Park is a "landlord" under Connecticut General Statutes § 47a-21 and has an obligation to comply with the security deposit requirements of the statute. It is clear under the allegations that the "occupant" of the mobile home park to whom the lease was assigned is Joseph Montezumer. The transaction at issue involved a mobile home park therefore the definition of a "tenant" is irrelevant to this motion to strike. ConnecticutGeneral Statutes § 47a-21(a)(12). According to the allegations of the complaint Joseph Montezumer is a "resident" as defined inConnecticut General Statutes § 21-64 because he is "a person who owns, or rents and occupies, a mobile manufactured home in a mobile manufactured home park." Joseph Montezumer is entitled to the benefits of the security deposit statute. ConnecticutGeneral Statutes § 47a-21.
The issue to be decided is under the pleadings as well as the exhibits is; Is the plaintiff, Robert Petruzzellis who posted $2,500.00 as security for the performance of a "resident" CT Page 14665 of a mobile home park as defined in Connecticut General Statutes§ 21-64, entitled to the benefits Connecticut General Statutes§ 47a-21? The security deposit statute is in derogation of common law and must be strictly construed. Jo-Mark Sand Gravel Co.v. Pantanella, 139 Conn. 598, 601 (1953). The pleadings indicate that the plaintiff used to own a mobile manufactured home and he sold it to Joseph Montezumer in July 1993. According to the complaint the plaintiff no longer owns, at the time of the institution of this lawsuit, a mobile manufactured home. There are no pleadings which indicate that the plaintiff rents and occupies a mobile manufactured home since the lease assignment to Joseph Montezumer. There are no allegations that the plaintiff currently rents or occupies the mobile home. The allegations of the complaint, directly and by inference, do not establish that the plaintiff is a "resident" as defined inConnecticut General Statutes § 21-64(5). The court concludes that the plaintiff, Robert Petruzzellis, is not entitled to maintain a lawsuit based upon a violation of the security deposit statute Connecticut General Statutes § 47a-21.
In the Third count a third party beneficiary relationship is alleged. The plaintiff relies upon Connecticut GeneralStatutes § 47a-21 to support the third party beneficiary claim. In accordance with Practice Book § 109A(a), the plaintiff has identified § 47a-21 with the pleadings. This court determines that there is no statutory cause of action for the plaintiff under the facts as alleged to bring a count for damages under § 47a-21. The Third count must be stricken. It is not necessary for the court to make a determination as whether or not the third party beneficiary rules apply to the statutory violation since the security deposit statute does not apply to the plaintiff.
The Seventh count alleges unjust enrichment and incorporates all of the Third count statutory allegations of § 47a-21. The Eighth count also incorporates the Third count statutory allegations of § 47a-21 and claims CUTPA damages. Both of those counts must be stricken. The court cannot determine whether or not unjust enrichment as alleged, in the Seventh count is independent of a security deposit claim. The court cannot determine whether a CUTPA claim is independent of a security deposit claim in the Eighth count.
Therefore the court strikes the Third, Seventh and Eighth counts of the complaint. CT Page 14666
Paragraph (3) of the prayer for relief claims double security deposit pursuant to Connecticut General Statutes§ 47a-21(d)(2)(B). For the reasons already stated this prayer for relief is stricken.
Paragraphs (8), (9) and (10) of the prayer for relief claim CUTPA attorney's fees, CUTPA punitive damages and equitable relief citing the CUTPA statutes. Since the Eighth count is the only count alleging CUTPA remedies and the Eighth count has been stricken, this court strikes paragraphs (8), (9) and (10) of the prayer for relief.
The Motion to Strike is granted on all grounds and the court orders that the following portions of the plaintiff's complaint be stricken; (a) Third count, (b) Seventh count (c) Eighth count (d) paragraph (3) of the prayer for relief (e) paragraph (8) of the prayer for relief, (f) paragraph (9) of the prayer for relief and (g) paragraph (10) of the prayer for relief.
BY THE COURT,
KEVIN TIERNEY, JUDGE