[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Eastern Looms Oriental Rugs, Inc. brings this summary process action against Eastern Looms Oriental Rugs, Inc, David Kish, its President, and Cyrus Kashi seeking possession of commercial premises situated at 519 Boston Post Road in Orange, Connecticut. The premises are used to sell oriental rugs and furniture. This action is based upon alleged non-payment of rent for the month of February 1996. The notice-to-quit, addressed to David Kish, individually and as president of Eastern Looms Oriental Rugs, Inc. was served on or about February 22, 1996, directing him and his corporation to vacate the premises on or before March 8, 1996. The premises have not been vacated.
Defendants Eastern Loom Oriental Rugs, Inc. and David Kish have appeared in this action; defendant Cyrus Kashi has not. However, the service of the writ, summons and complaint for Cyrus Kashi was made by personal service upon David Kish. Such service is not authorized by General Statutes § 52-57. The court finds no other authority for such service and finds that Cyrus Kashi is not a party in this case.
From the testimony and exhibits presented at the trial of this case the court finds the facts as hereinafter stated.
Defendant David Kish does not deny not paying rent for the month of February 1996. He admits that the rent was not paid. Defendant David kish states that he did not pay the rent for the following reasons: 1) there was no heat in the commercial establishment; and 2) the plaintiff failed to comply with an agreement which the parties reached on February 21, 1995, requiring the plaintiff, inter alia, to make certain repairs.[1]
In a Special Defense, the defendants contend that the CT Page 5254 plaintiff is estopped from evicting them because of the plaintiff's failure to honor the terms of the February 21, 1995 agreement by, among other things, not effecting the repairs called for therein.
In a Counterclaim the defendants seek an order enjoining the eviction because of the plaintiff's failure to comply with the terms of the agreement.
The court shall now address its findings as to the absence of heat and the claimed violations of the February agreement. The court finds that the dispute over the absence of heat centers upon whether the landlord or the tenant was responsible to repair the heating equipment. Paragraph 11 of the parties' lease obligates the tenant to ". . . maintain in good repair, at its cost and expense . . ." certain utilities, including the repair and maintenance of the heating system. However, this paragraph also obligates the landlord to be responsible for replacing the heating equipment if the required replacement is not caused by the tenant's negligence. The court finds that the defendants did not produce evidence to sustain their allegation that any lack of heat was the result of heating equipment that needed replacement.
As to the defendants' claims that the plaintiff failed to fulfill the terms of the parties' agreement, reached on February 21, 1995, the court finds that the evidence produced does not support their position. Moreover, the court finds that inasmuch as the premises in question is commercial, and there is no actuating contractual or statutory nexus between the matter subject of the defendants' complaints and the non-payment of rent, the non-payment of rent is not defensible in this case. See Hoban v.Masters, 36 Conn. Sup. 611 at 613 (1980).
Thus, the court finds for the plaintiff on its complaint, and against the defendants on their special defense and counterclaim.
Accordingly, judgment of possession hereby enters for the plaintiff.
Clarance J. Jones, Judge