HOUSING AUTHORITY OF THE CITY OF NORWALK
*v.* MARY HARRIS ET AL.
(14612)

PETERS, C. J., BORDEN, KATZ, PALMER and SANTANIELLO, Js.

Argued March 25—decision released June 1, 1993

*Bruce L. Lev,* with whom was *Donna M. Lattarulo,* for the appellant (plaintiff).

*Steven R. Berg,* with whom were *Dennis J. O'Brien* and, on the brief, *Terrence Real,* for the appellee (named defendant).

SANTANIELLO, J. The issue in this appeal is whether, under the facts of this case, the plaintiff, the housing authority of the city of Norwalk, was required by Gen-

eral Statutes § 47a-15[1] to give notice to the defendant, Mary Harris,[2] before instituting a summary process action against her. The trial court held that notice was

[1] "[General Statutes] Sec. 47a-15. NONCOMPLIANCE BY TENANT. REMEDY OF BREACH BY TENANT. LANDLORD'S REMEDIES. Prior to the commencement of a summary process action, except in the case in which the landlord elects to proceed under sections 47a-23 to 47a-23b, inclusive, to evict based on nonpayment of rent, on conduct by the tenant which constitutes a serious nuisance or on a violation of subsection (h) of section 47a-11, if there is a material noncompliance with section 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, or if there is a material noncompliance by the tenant with the rental agreement or a material noncompliance with the rules and regulations adopted in accordance with section 47a-9, and the landlord chooses to evict based on such noncompliance, the landlord shall deliver a written notice to the tenant specifying the acts or omissions constituting the breach and that the rental agreement shall terminate upon a date not less than thirty days after receipt of the notice. If such breach can be remedied by repair by the tenant or payment of damages by the tenant to the landlord, and such breach is not so remedied within twenty-one days the rental agreement shall terminate except that (1) if the breach is remediable by repairs or the payment of damages and the tenant adequately remedies the breach within such twenty-one-day period, the rental agreement shall not terminate; or (2) if substantially the same act or omission for which notice was given recurs within six months, the landlord may terminate the rental agreement in accordance with the provisions of sections 47a-23 to 47a-23b, inclusive. For the purposes of this section, 'serious nuisance' means (A) inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and under circumstances which would lead a reasonable person to believe that such threat will be carried out, (B) substantial and wilful destruction of part of the dwelling unit or premises, (C) conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or (D) using the premises for prostitution or the illegal sale of drugs. If the landlord elects to evict based upon an allegation, pursuant to subsection (g) of section 47a-11, that the tenant failed to require other persons on the premises with his consent to conduct themselves in a manner that will not constitute a serious nuisance, and the tenant claims to have had no knowledge of such conduct, then, if the landlord establishes that the premises have been used for the illegal sale of drugs, the burden shall be on the tenant to show that he had no knowledge of the creation of the serious nuisance."

[2] Three of Mary Harris' children, Mary Harris, Jr., Kim Harris, and Parks Harris, Jr., were named in the complaint but are not parties to the appeal. In this opinion we refer to Mary Harris as the defendant.

not required. The Appellate Court reversed,[3] and the plaintiff appealed.[4] We affirm.

The Appellate Court opinion sets forth the following undisputed facts. "The defendant, a widowed mother of seven, has been living in Roodner Court, federally subsidized public housing, in Norwalk since 1959. In September of 1983, the plaintiff and the defendant entered into a written lease of apartment 3F in building twenty-three of Roodner Court. Also living in the apartment and specifically named on the lease are the defendant's children, Mary Harris, Jr., and Parks Harris, Jr. On March 1, 1990, Mary, Jr., was arrested for selling narcotics in an outdoor stairwell between buildings eleven and twelve at Roodner Court, an area that could not be seen from the defendant's apartment. The police connected neither the defendant nor her apartment with the daughter's illegal conduct. As a direct result of the daughter's arrest, the plaintiff caused a notice to quit possession to be served on the defendant on June 1, 1990.[5] The notice to quit alleged that the defendant had failed to meet her duty as a tenant under General Statutes § 47a-11 (g)[6] to require

[3] *Housing Authority* v. *Harris,* 28 Conn. App. 684, 611 A.2d 934 (1992).

[4] We granted the plaintiff's petition for certification limited to the following issue: "In the circumstances of this case, was the landlord required to give the tenant notice under General Statutes § 47a-15 before maintaining a summary process action against the tenant?" *Housing Authority* v. *Harris,* 224 Conn. 903, 615 A.2d 1046 (1992).

[5] "Pursuant to a concededly inflexible drug policy enacted by the housing authority, if evidence of drug sales by a family member of a resident is presented to the housing authority, it institutes eviction proceedings against the entire family." *Housing Authority* v. *Harris,* 28 Conn. App. 684, 686 n.4, 611 A.2d 934 (1992). Under General Statutes § 47a-26h (c), however, the housing authority has the ability to evict one occupant of an apartment without having to evict the entire family if a judgment has been entered against that one occupant for use of the premises for the illegal sale of drugs.

[6] "General Statutes § 47a-11 provides in relevant part: 'A tenant shall . . . (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neigh-

others on the premises with her consent to conduct themselves in a manner that does not constitute a serious nuisance. Specifically, the notice to quit alleged that she created a serious nuisance by using or permitting the use of the premises for illegal sale of drugs. The notice did not inform the defendant of her statutorily guaranteed right to rectify the alleged violations within twenty-one days. General Statutes § 47a-15. The defendant remained in possession and the plaintiff instituted a summary process action seeking a judgment of possession against the defendant. The plaintiff's complaint in the summary process action alleged that Mary Harris, Jr., 'committed acts upon the premises which constituted use of the premises for the illegal sale of drugs' and that '[her] conduct . . . on the premises constitutes a serious nuisance as defined in [General Statutes] § 47a-15, in violation of [General Statutes] § 47a-11 (g).' There is no reference to any conduct on the part of the defendant. In her fourth special defense, the defendant alleged that the plaintiff failed to notify her as required by § 47a-15.

"The trial court concluded, inter alia, that the defendant 'failed to require Mary, Jr., to conduct herself in a manner that did not constitute a serious nuisance' and that '[the notice provided by § 47a-15] . . . is not required where a tenant has caused a serious nuisance.' On the basis of these findings, the trial court rendered judgment for the plaintiff." *Housing Authority* v. *Harris,* 28 Conn. App. 684, 686–87, 611 A.2d 934 (1992).

The Appellate Court interpreted the language of § 47a-15 narrowly and concluded that the defendant's

bors' peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32, or a serious nuisance, as defined in section 47a-15. . . .' "
*Housing Authority* v. *Harris,* 28 Conn. App. 684, 686 n.5, 611 A.2d 934 (1992).

conduct, in not controlling her daughter's activities, did not constitute a serious nuisance. The Appellate Court held, therefore, that the plaintiff was not relieved of its duty to provide notice of and an opportunity to correct the violation. Id., 691.

Summary process statutes that grant a landlord rights in derogation of the common law have been " 'narrowly construed and strictly followed.' " *Jefferson Garden Associates* v. *Greene,* 202 Conn. 128, 143, 520 A.2d 173 (1987); *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 600–601, 96 A.2d 217 (1953). The Superior Court has jurisdiction to hear a summary process action only if the landlord has previously served the tenant with a notice to quit. *Lampasona* v. *Jacobs,* 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989).

In the case of a residential eviction, § 47a-15 "provides that under certain circumstances, in which a tenant fails to comply with his or her rental obligations under § 47a-11, the landlord is required to deliver to the tenant a written notice 'specifying the acts or omissions constituting the breach' and to give the tenant [twenty-one] days to abate the violation or risk the termination of the tenancy. This notice provision has been interpreted to be separate from and preliminary to the maintenance of a summary process action pursuant to [General Statutes] § 47a-23." *Ossen* v. *Kreutzer,* 19 Conn. App. 564, 569, 563 A.2d 741 (1989). The notice must be sufficient to apprise the tenant of the information the tenant "needs to protect herself against premature, discriminatory or arbitrary eviction. . . . To further this salutary purpose, the notice requirements of § 47a-15 must be construed strictly." (Citations omitted.) *Jefferson Garden Associates* v. *Greene,* supra, 143–44.

Reading the statute as a whole indicates that notice should be given for all violations except those specifically excluded. If the tenant can remedy the violation by repair or by paying damages, and does so within twenty-one days, the rental agreement continues. If the violation is not or cannot be remedied, the landlord may institute a summary process action thirty days after the tenant received the notice. This interpretation will further the legislative purpose, recognized by the Appellate Court, of giving the tenant "one opportunity to eliminate the cause of the nuisance." *Housing Authority* v. *Harris,* supra, 692.

In addition, § 47a-15 specifically provides: "If the landlord elects to evict based upon an allegation, pursuant to subsection (g) of section 47a-11, that the tenant failed to require other persons on the premises with his consent to conduct themselves in a manner that will not constitute a serious nuisance, and the tenant claims to have had no knowledge of such conduct, then, if the landlord establishes that the premises have been used for the illegal sale of drugs, the burden shall be on the tenant to show that he had no knowledge of the creation of the serious nuisance." Although removing the person who sold drugs from the apartment will eliminate the cause of the nuisance, it cannot eliminate any effects of the drug sale that have already occurred. The notice period provided by § 47a-15 provides a tenant who claims no knowledge of the activity an opportunity to gather evidence of that tenant's lack of knowledge. Unless the tenant can show that the tenant had no knowledge of the activity, the tenant faces eviction.

The plaintiff argues that the decision of the Appellate Court renders superfluous the requirement in § 47a-11 (g) that a tenant "require other persons on the premises with his consent to conduct themselves in a manner that will not . . . constitute a . . . serious nuisance." The plaintiff contends that if the tenant can

remove the offending occupant within twenty-one days and remedy the violation, then the tenant can ignore the conduct of other occupants and avoid eviction simply by removing the offending occupant upon the receipt of notice from the landlord. The plaintiff suggests that this interpretation would encourage a recurring pattern of drug activity followed by removal of the offending person for six months upon receipt of the notice.[7]

The plaintiff's argument is unpersuasive. The defendant's daughter was convicted for selling drugs. General Statutes § 47a-26h (c) authorizes the plaintiff to evict Mary, Jr., from the apartment because a judgment was entered against her for using the premises for the illegal sale of drugs.[8] Allowing a person who has been evicted under § 47a-26h (c) to return to the apartment is one of the exceptions to the notice requirement provided in § 47a-15.[9] If the defendant had allowed her daughter to return to the apartment at any

---

[7] The plaintiff's argument is based upon the portion of General Statutes § 47a-15 that provides that recurrence of substantially the same act giving rise to the violation within six months gives the landlord the right to terminate the rental agreement. After six months have elapsed, another notice would be required.

[8] General Statutes § 47a-26h (c) provides in relevant part: "[N]o summary process execution shall be issued or enforced unless valid execution has been issued against all occupants of the premises, except that such execution may be issued and enforced, without issuing or enforcing execution against other occupants, upon a person against whom a judgment has been entered based upon that person's having conducted himself in a manner which constitutes a serious nuisance by using the premises for the illegal sale of drugs, as defined in subparagraph (D) of section 47a-15."

[9] General Statutes § 47a-15 provides in relevant part that a landlord may evict a tenant without providing notice if the eviction is based "on a violation of subsection (h) of section 47a-11."

General Statutes § 47a-11 (h) provides that "if judgment has entered against a member of the tenant's household pursuant to subsection (c) of section 47a-26h for serious nuisance by using the premises for the illegal sale of drugs, [a tenant shall] not permit such person to resume occupancy of the dwelling unit, except with the consent of the landlord."

time, the plaintiff could institute a summary process action against the defendant without providing notice and an opportunity to remedy the violation. Accordingly, the plaintiff's scenario of recurring incidents of drug sales, removal of the offending person and return of that person after six months could not materialize.

Section 47a-15 states that notice should be given for all violations except those specifically excluded. The exception at issue in this case is "conduct by the tenant which constitutes a serious nuisance." In this case, the tenant is the defendant, Mary Harris. She alone signed the rental agreement. Mary Harris, Jr., Kim Harris and Parks Harris, Jr., are identified in the rental agreement as household members. As the Appellate Court noted, § 47a-11 (g) distinguishes between the duty of a tenant to refrain from conduct that constitutes a serious nuisance and the duty of a tenant to require other persons on the premises with her permission to conduct themselves in a manner that will not constitute a serious nuisance. *Housing Authority* v. *Harris*, supra, 690. The legislature has not included the failure to control the conduct of other persons within the definition of a serious nuisance.

To fall within the exceptions set forth in § 47a-15, the plaintiff must establish that the defendant's conduct constituted a serious nuisance. In the notice to quit, the plaintiff claimed that the defendant created a serious nuisance "by using or permitting the use of the premises for the illegal sale of drugs." In its complaint, however, the plaintiff offered no facts to support this claim; the complaint does not allege any conduct by the defendant. At trial, the defendant testified that she set strict rules for her children and that she had repeatedly attempted to discover whether Mary, Jr., had been selling drugs. All the defendant had learned was that her daughter used drugs. The plaintiff has failed to allege facts sufficient to estab-

lish a claim that the defendant's conduct constituted a serious nuisance. We agree with the holding of the Appellate Court that the plaintiff was required to give the defendant notice pursuant to § 47a-15 before instituting a summary process action against her.[10]

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.

---

[10] Because we hold that notice pursuant to General Statutes § 47a-15 was required, we do not reach the alternative ground for affirmance offered by the defendant. The defendant had also requested this court to consider whether the trial court properly rejected the defendant's special defense that she did not have knowledge of her daughter's activity. We decline to do so because it is unnecessary in the context of this case.