[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE
The issue raised in this motion to strike is whether the destruction of the front storm door of a multi-family dwelling on a number of occasions is a "serious nuisance" as defined by ConnecticutGeneral Statutes § 47a-15(A), (B), and (C).
 FACTS
The plaintiff commenced this summary process action seeking an eviction of the defendants from a multi-family building located in Bridgeport, Connecticut in two counts. The first count alleges "serious nuisance" pursuant to Connecticut General Statutes § 47a-15(A) and(C). The second count alleging non payment of rent is not the subject of this motion to strike. In response to a request to revise, the plaintiff amended the serious nuisance allegation. The first count is as follows:
 "Tenant's conduct constitutes `Serious Nuisance', pursuant to C.G.S § 47a-15(A)-(C), in that the tenant has caused substantial and wilful destruction of part of the dwelling unit or premises; On or about February 1, 1995 and through to date, the defendants have on four separate occasions broken the front storm door of the premises. Plaintiff has repaired said door each time that it was broken by fixing door holders and the metal chain. In order to prevent any more destruction. Plaintiff finally installed springs so that the door could not be broken by defendants again. Defendants, without limitation, caused the door to be broken by allowing excessive numbers of unauthorized persons to enter and exit the premises."
The defendants filed a motion to strike and submitted a memorandum of law in support of their motion to strike. The defendants claimed four reasons in the motion to strike. 1) The complaint failed to furnish adequate factual notice in the notice to quit, 2) No Kapa notice was alleged in the complaint as required by Connecticut General Statutes§ 47a-15, 3) There is no allegation of wilful destruction of the CT Page 7071 premises, and 4) There is no allegation of damage which rises to the level of substantial damage to the premises.
DISCUSSION OF THE LAW
The motion to strike tests the legal sufficiency of a pleading.Practice Book § 152(1); Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988); Mingachos v. CBS, Inc., 196 Conn. 91, 108
(1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v. Board of Education, 195 Conn. 90,93 (1985). For the purposes of determining the motion, it admits the truth of the facts well pleaded but will not admit the truth or accuracy of conclusions or opinions of the pleader. Verdon v. TransamericaInsurance Co., 187 Conn. 363, 365 (1982). The courts cannot assume a fact which is not been alleged. Mingachos, supra 108. The court must construe the facts in the complaint most favorable to the plaintiff.Amodio v. Cunningham, 182 Conn. 80, 82-83 (1980). If facts provable in the complaint support a cause of action or if any part of the complaint is valid the motion to strike must be denied. Doyle v. A P RealtyCorporation, 36 Conn. Sup. 126, 128 (1980).
The reasons stated in the notice to quit and the complaint for summary process must contain sufficient information for the tenant to be advised why the lease has been terminated. "In order to demonstrate its compliance with the notices required for a proper termination, a landlord must show that the notices given to the tenant apprised her of the information a tenant needs to protect herself against premature, discriminatory or arbitrary eviction." Jefferson Gardens Associates v.Greene, 202 Conn. 128, 143 (1987). Cases have held that the mere recitation of the statutory reasons contained in the notice to quit statute as to nuisance and serious nuisance are not sufficient.Connecticut General Statute § 47a-23(a)(1)(G); Housing Authority of theCity of Bridgeport v. Rogers, SNBR-371, 6 Conn. L. Rptr. 174 (March 2, 1992) (Leheny, J.). A complaint and a notice to quit can be at variance. "Notices to quit ought not to be at substantial variance with the summary process complaints." Park View West Associates v. Morris Bloom, H-23, April 16, 1979 (Spada, J.).
In the event that the landlord seeks eviction based on a material noncompliance by the tenant with the rental agreement, a material noncompliance with the rules and regulations adopted by the landlord or a material noncompliance with tenants duties to repair as set forth inC.G.S. § 47a-11 which materially affects the health and safety of the other tenants or materially affects the physical condition of the premises, the landlord must serve a Kapa Notice. Connecticut GeneralCT Page 7072Statutes § 47a-15 Kapa Associates v. Flores, 35 Conn. Sup. 274-278 (1979). The landlord by delivering such a Kapa notice, will have furnished written notice to the tenant specifying the acts or admissions constituting the breach. The Kapa notice also must state that the rental agreement will terminate upon a date not less than 30 days after the receipt of the notice and that the breach can be remedied by the tenant within 21 days. Connecticut General Statutes § 47a-15 also contains the definition of "serious nuisance." There is no prior written notice or a statutory Kapa notice requirement for "serious nuisance."
A "serious nuisance" means "A) inflicting bodily harm upon another tenant or the landlord or threatening to inflict such harm with the present ability to effect the harm and circumstances which would lead a reasonable person to believe that such threat will be carried out, (B) substantial and wilful destruction of part of the dwelling unit or premises, (C) conduct which presents an immediate and serious danger to the safety of other tenants or the landlord, or (D) using the premises for prostitution or the illegal sale of drugs." Connecticut GeneralStatutes § 47a-15 The notice to quit in this lawsuit alleged reasons (A), (B) and (C). It appears that only reasons (B) and (C) are relevant considerations in this Motion to Strike.
CONCLUSION
The language of the notice to quit alleging serious nuisance states as follows: "Tenants' conduct constitutes `serious nuisance' pursuant to Connecticut General Statutes § 47a-15, in that tenant caused substantial and wilful damage to part of the dwelling unit and/or premises." This language does not specify the exact conduct that the tenant is claimed to have committed. The complaint as amended makes specific factual allegations. The allegations of the complaint advise the tenant of specific acts. Although there is a variance between the notice to quit and the complaint, the only motion before the court is a motion to strike. This court concludes that the language of the complaint is sufficient to advise the tenant as to the default and the exact acts which constitute the default. Housing Authority of the Cityof Bridgeport v. Rogers, supra 2. The first reason contained in the Motion to Strike is not sufficient to grant the motion.
The second reason stated in the notice to quit was that a Kapa notice was not contained as an allegation in the complaint. A Kapa notice is not required when the complaint is based on serious nuisance.Connecticut General Statutes § 47a-15. The notice to quit alleged "nuisance" but "nuisance" was not alleged in the complaint. Therefore CT Page 7073 there is no need for a Kapa notice. The Motion to Strike is denied as to the second reason.
The plaintiff has not used the exact statutory language ofConnecticut General Statutes § 47a-15(B) "substantial and wilful destruction of part of the dwelling unit or premises" in his complaint. A fair reading of the revised complaint dated May 9, 1995 furnishes sufficient information for the court to infer that the actions of breaking a front storm door on four separate occasions were wilful. The plaintiff is permitted to plead his case as he wishes. A Motion to Strike must construe the facts in the complaint most favorable to the plaintiff, Amodio v. Cunningham, supra 82-83. The Motion to Strike is therefore denied as to the third reason.
The court addresses the fourth reason of the Motion to Strike; Whether or not the breaking of a front storm door of a multi-family dwelling on multiple occasions is a "serious nuisance" as a matter of law. Is it a "substantial and wilful destruction of part of the dwelling or premises", Connecticut General Statutes § 47a-15(B), or otherwise "conduct which presents an immediate and serious danger to the safety of other tenants or the landlord," Connecticut General Statutes47a-15(c)?
The plaintiff has failed to allege any facts showing an immediate and serious danger to the safety of other tenants or the landlord. Excess guests allowed by the defendant in the premises which caused breaking of the front door is not sufficient. The plaintiff's allegations do not comply with Connecticut General Statutes § 47a-15(C),
"conduct which presents an immediate and serious danger to the safety of other tenants or the landlord."
This leaves us with the last issue; Whether or not "substantial . . . destruction of part of the dwelling or premises" has been alleged by the four separate occasions of breaking a front storm door.Connecticut General Statutes § 47a-15(B). There are few reported decisions on the subject of "serious nuisance." Most of the reported cases involving "serious nuisance" concern drugs. Housing Authority v.Harris, 225 Conn. 600 (1993). This court has found only one case on the subject of damage being a "serious nuisance". Moisiadis v. Failla, H-941,1991 Ct. Sup. 2802, 2805-06, March 4, 1991 (Berger, J.). Judge Berger held "certainly it could be argued that these are serious violations. 1, 2, 4, and 5 fall within the definition of serious nuisance." Reasons 1, 2, 4, and 5 were as follows; 1) "turning off or shutting off the furnace for the property in which the premises are located, thereby resulting in lack of heat and/or hot water," 2) CT Page 7074 "allowing or intentionally causing damage to, ripping or tearing apart and/or disconnecting the clothes dryer vent belonging to the first floor tenants," 4) "breaking the glass of the windows in your apartment the premises, and/or property which the premises are located" and, 5) "using the premises known as 3-5 Glen Road second floor, East Hartford, Connecticut for the illegal sales of drugs." It is clear that the statutory definition of serious nuisance under § 47a-15(d) "using the premises for prostitution or the illegal sales of drugs" was present inMoisiadis v. Failla in reason 5). Therefore the other reasons are dicta. This court will therefore not follow Moisiadis v. Failla.
The legislature intended to create a uniform body of law. Serious nuisance is more than a nuisance. It is more than a material noncompliance with the tenant's duties to maintain the property in proper condition. Therefore serious nuisance must be more than a material noncompliance and more than a simple breaking of a portion of the premises. There must be substantial destruction.
The court concludes that four separate occasions of breaking a front storm door do not amount to a "serious nuisance". The Motion to Strike the first count must be granted.
The breaking of the front storm door on more than four occasions could be interpreted to be either a material noncompliance with the lease terms and/or violation of the tenant's statutory obligations under § 47a-11. The landlord should then provide a Kapa notice. ConnecticutGeneral Statutes § 47a-15. Under those circumstances if the front storm door was then broken on another occasion the landlord would have the right to evict on the basis of nuisance, C.G.S. § 47a-32, and/or tenant noncompliance, C.G.S. § 47a-15.
The Motion to Strike is granted.
The court therefore does not have to decide whether or not the language of this notice to quit as to "nuisance" or "serious nuisance" provides adequate notice to the tenant. Housing Authority of the Cityof Bridgeport v. Rogers, SNBR-371, 6 Conn. L. Rptr. 174 (March 2, 1992) (Leheny, J.).
CT Page 7075