[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED NOVEMBER 26, 1996
This is the second motion to dismiss in this summary process action.* In ruling on the first motion to dismiss, this court dismissed the first count, as the notice to quit was too general in its allegation of a lease violation. The defendant has again moved to dismiss the complaint, this time on the ground that the notice required by § 47a-15 failed to inform the plaintiff that she had twenty-one days in which to abate the nuisance.
The following facts are undisputed. The plaintiff issued to the defendant a pretermination notice, pursuant to § 47a-15 and federal regulations, on May 21, 1996. The notice specified that the living area in the premises demised to the defendant had been dangerously cluttered, and it stated that the management intended to terminate her tenancy on June 24, 1996. As required by federal regulation, the notice informed the defendant that she could discuss the termination with management within ten days from the termination notice. The notice did not say anything about her CT Page 10201 ability to "cure" the defect within twenty-one days. A copy of the pretermination notice was mailed to Ms. Mortenson's attorney.
The defendant argues that subject matter jurisdiction is lacking because the notice did not specifically inform her that she could cure the defect within twenty-one days. Section 47a-15, the applicable statute, by its terms specifically requires only that the acts or omissions constituting the breach be stated, and that "the rental agreement shall terminate" on a date not less than thirty days after receipt of the notice. The statute goes on to state that if the tenant does not remedy the breach within twenty-one days, the rental agreement may terminate: other matters not pertinent here are then addressed.
The defendant has supplied a Superior Court Housing Session case from New Haven, Housing Authorityof New Haven v. Young, No. SPNH 9409-40795,14 CONN. L. RPTR. 447 (1995) (Jones, J.), which holds that lack of notification of the ability to cure the defect essentially voids the notice, such that subject matter jurisdiction is lacking. Other cases have assumed that such a Kapa[1] notice includes such a caveat. See Ossenv. Kreutzer, 19 Conn. App. 564, 569 (19); HousingAuthority v. Harris, 225 Conn. 600, 605 (1993); JeffersonGarden v. Greene, 202 Conn. 128, 135 n. 9 (1987). A landlord will be well advised to include in the Kapa
notice simple language to the effect that the tenant has twenty-one days in which to remedy the errant act or omission.
Approving of Kapa, supra, the Appellate Court has stated that the language of § 47a-15 "creates a thirty day reconciliation period, allowing errant tenants to remedy their first miscue within twenty-one days of the termination notice." Marrinan v. Hamer,5 Conn. App. 101, 104 (1985). Tenants, then, have the statutory right to remedy problems, but there is not a specific statutory requirement mandating that the right to notice of the period of time in which problems can be effectively remedied be mentioned in the notice. It is, then, understandable that notification of the right to cure was omitted from the CT Page 10202 notice in this case.
Ordinarily, the right to remedy problems would be meaningless without notice of the right; undoubtedly cases such as Housing Authority of New Havenv. Young, supra, are based on this premise. It may be that in this case, because the tenant's lawyer was sent a copy of the Kapa notice, the tenant actually did know that she had the ability to cure the problem within twenty-one days. I find that the better policy, however, is to follow the authority such as Young, supra, and the assumptions in Jefferson Garden v.Greene, supra, and Housing Authority v. Harris,
supra, and to impose a bright-line requirement that such notice be specifically included. In the long run, black-letter requirements will serve to reduce ambiguities and the likelihood of delay in summary process matters.
The motion to dismiss is granted.
BEACH, J.