[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant moves to dismiss this summary process action claiming that it seeks a retaliatory eviction in violation of General Statutes § 47a-20 and that the complaint was not returned to court "at least three days before the return day", in violation of General Statutes § 47a-23a(a).
The court holds that the first count of the motion to dismiss claiming retaliatory eviction pursuant to General Statutes § CT Page 229047a-20[1] does not implicate the court's jurisdiction and, therefore, is not properly raised by a motion to dismiss. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." Tolly v. Department of Human Resources,225 Conn. 13, 29, 621 A.2d 719 (1993). The Supreme Court has characterized retaliatory eviction as a special defense. Ossen v.Wanat, 217 Conn. 313, 318, 585 A.2d 685 (1991); see also Visco v.Cody, 16 Conn. App. 444, 449, 547 A.2d 935 (1988); GrotonTownhouse Apartments, Inc. v. Covington, 38 Conn. Sup. 370, 372,448 A.2d 221 (App. Sess. 1982).
As to the second count of the motion to dismiss, it does appear that the plaintiff, who has proceeded pro se, did not return her summary process complaint to court "at least three days before the return date." She did not, therefore, comply with the strictures of General Statutes § 47a-23a(a).[2] However, inConcept Associates, Ltd. v. Board of Tax Review, 229 Conn. 618,623, 642 A.2d 1186 (1995), in the context of a statutory tax assessment appeal, the Supreme Court held that General Statutes § 52-72[3] authorized an amendment of a wrong return date even after the return date had passed. See also Andover LimitedPartnership I v. Board of Tax Review, 232 Conn. 392, 655 A.2d 759
(1995) (applying General Statutes § 52-123[4]). "As a remedial statute, § 52-72 must be liberally construed in favor of those whom the legislature intended to benefit." (Citations and internal quotation marks omitted.) ConceptAssociates, Ltd. v. Board of Tax Review, supra, 229 Conn. 623. As Professor Edward L. Stephenson points out, remedial statutes such as §§ 52-72, 52-123 were intended to soften the otherwise harsh consequences of strict construction under the common law: "Over-technical formal requirements have ever been a problem of the common law, leading [legislative bodies] at periodic intervals to enact statutes . . . which, in substance, told the courts to be reasonable in their search for technical perfection." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970), § 35, p. 137. "We, therefore, have refused to permit the recurrence of the inequities inherent in eighteenth century common law that denied a plaintiff's cause of action if the pleadings were technically imperfect." Andover LimitedPartnership I v. Board of Tax Review, supra, 232 Conn. 399. This is especially so where, as here, the defendant has not been prejudiced by the early return date nor will he suffer prejudice by an amendment thereto. Applying Concept Associates, Ltd. v.Board of Tax Review, supra, the courts in Tacke Enterprises Inc.CT Page 2291v. Garcia, Superior Court, Judicial District of Stamford — Norwalk Housing Session at Norwalk, No. SPN 0941216798, (January 27, 1995) (13 Conn. Law Rptr. 463) (Tierney, J.), and ChurchStreet South Ltd. v. Dawson, Superior Court, Judicial District of Housing Division at New Haven, No. SPNH 9504 42733 (May 4, 1995) (14 Conn. Law Rptr. 447) (Jones, J.), permitted amendments to purportedly defective return dates in summary process actions.
It is true that "[s]ummary process statutes that grant a landlord rights in derogation of the common law have been narrowly construed and strictly followed. Jefferson GardenAssociates v. Greene, 202 Conn. 128, 143, 520 A.2d 173 (1987);Jo-Mark Sand Gravel Co. v. Pantanella, 139 Conn. 598, 600-601,96 A.2d 217 (1953). (Internal quotation marks omitted.)." HousingAuthority v. Harris, 225 Conn. 600, 605, 625 A.2d 816 (1993). So too, however, are tax appeals such as those which were implicated in Andover Limited Partnership I v. Board of Tax Review, supra,232 Conn. 392, and in Concept Associates, Ltd. v. Board of TaxReview, supra, 229 Conn. 618. See Southern New England TelephoneCompany v. Board of Tax Review, 31 Conn. App. 155, 160-161,623 A.2d 1027 (1993). "It is the policy of the law to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court." Snow v. Calise, 174 Conn. 567,574, 392 A.2d 440 (1978). Even in summary process actions, courts have been admonished to eschew hypertechnicalities which would deny a plaintiff her day in court and which do not prejudice a defendant Southland Corporation v. Vernon,1 Conn. App. 439, 452-53, 473 A.2d 318 (1984).
For these reasons, the motion to dismiss is granted unless the plaintiff, on or before May 5, 1997, files with the court and serves on the defendant's attorney[5] an amended summons page containing the return date of April 7, 1997.
BY THE COURT
Bruce L. LevinJudge of the Superior Court