[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
CT Page 3364
The defendant has moved to dismiss this summary process action on the ground that the pretermination notice served by the plaintiff failed to notify the defendant of a right to cure. The plaintiff claims that a pretermination notice does not need to include notice of a fifteen day right to cure. For the reasons stated below, the court finds for the defendant and grants the motion to dismiss.
The bases for eviction stated in the summary process complaint are that the defendant did not comply in various ways with the plaintiffs pet policy (complaint, paragraph 6(a) through (d)) and repeatedly violated the plaintiffs Relocation Policy (complaint, paragraph 6(e)). The lease, attached to the complaint, includes various "Rules and Regulations." The lease provides that Schedules included in the lease are part of those Rules and Regulations. Under paragraph 15 of the lease, the plaintiff may terminate the lease if a tenant fails to comply with tenant obligations set forth in paragraph ten of the lease, section (b) of that paragraph states that a tenant must abide by necessary and reasonable regulations promulgated by the plaintiff. Accordingly, the lease authorizes the plaintiff to terminate a tenancy if a tenant fails to comply with "necessary and reasonable regulations."
The lease provisions authorizing termination of the tenancy for not complying with reasonable and necessary regulations comport with state law. Section 47a-9 of the General Statutes authorizes landlords to promulgate rules or regulations concerning the tenant's use and occupancy of the premises.[1] Under General Statutes § 47a-15, a landlord may terminate a tenancy for "a material noncompliance with the rules and regulations adopted in accordance with section 47a-9."
Both parties agree that section 47a-15 of the General Statutes requires a landlord who seeks to terminate a lease for material non-compliance with lease provisions or with rules or regulations promulgated by the landlord to issue a pretermination notice specifying the breach or non-compliance. Where the parties differ is whether that pretermination notice required under § 47a-15
must contain notice of the tenant's right to cure the alleged non-compliance. CT Page 3365
The court's analysis of that question begins with the violations of of the Pet and Relocation policies that paragraph six of the complaint alleged as a basis for terminating the lease. Given an opportunity to cure, the defendant could have remedied each of the following alleged violations:
• Paragraph 6(a): The defendant could have found another home for his dog so that he did not have a pet in excess of 25 pounds.
• Paragraph 6(b): He could have registered any dog with the landlord.
• Paragraph 6(c): He could have prevented his dog from roaming any more on the plaintiffs buildings, grounds, laundry room, and community hall.
• Paragraph 6(d): He could have exercised his dog elsewhere so that the animal did not urinate on landlord property.
• Paragraph 6(e): He could have improved his housekeeping habits or accepted help in housekeeping.
Although the literal language of § 47a-15 does not seem to require notice of a right to cure violations of regulations that are not curable, this case does not present the issue of whether a pretermination notice alleging non-curable problems must nevertheless allege a right to cure.[2] Instead, this case, involving potential curable problems, is controlled by the Supreme Court's decision in Housing Authority v. Harris,225 Conn. 600, 605, 625 A.2d 816 (1993), where the court held that when "a tenant fails to comply with his or her rental obligations under 47a-11, the landlord is required to deliver to the tenant a written notice "specifying the acts or omissions constituting the breach' and to give the tenant [twenty-one] days to abate the violation or risk the termination of the tenancy. Section 47a-15, imposes the same requirement of a pretermination notice for material breaches of the lease or non-compliance with landlord regulations. The plaintiffs pretermination notice here does not include notice of a right of cure. Accordingly, the court grants the motion to dismiss.[3]
SO ORDERED.
Stephen F. Frazzini, Judge of the Superior Court CT Page 3366