[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action in two counts in which the plaintiff Norwich Housing Authority seeks possession of a dwelling unit occupied by the defendant and her three children. Count One alleges that the defendant is in violation of the terms of her lease as a result of excessive noise emanating from the apartment. The second count of the Complaint alleges that the defendant has failed to conduct herself or to CT Page 5085-gq require the household and/or guests to conduct themselves in a manner which will not disturb the neighbor's peaceful enjoyment of the premises by having excessive noise emanate from the unit. The complaint alleges that the excessive noise violates C.G.S. § 47a-11 (g) and constitutes a nuisance under C.G.S. § 47a-32. The parties appeared on April 7, 2000 for a summary process trial. Having heard the evidence and the arguments of the parties, the Court finds in favor of the plaintiff and judgment for possession may enter for the plaintiff as set forth below.
 FACTS
The Court finds the following facts: The plaintiff, Norwich Housing Authority, entered into a lease agreement with the defendant, Christine Fernald, effective October 1, 1999. Under the terms of the lease, Mrs. Fernald and her three children, aged 16, 11 and 10, resided in a four-bedroom apartment unit at 70 Oakwood Knoll, Norwich, CT. Paragraph 8(B)(18) of the lease provides that a tenant agrees "[t]o act, and cause household members or guests to act, in a manner which will not disturb other residents' peaceful enjoyment of their accommodations and will be conducive to maintaining the development in a decent, safe and sanitary condition." Plaintiff's Exhibit 1. The defendant received notice of termination of her lease pursuant to a November 30, 1999 pretermination letter and was given an opportunity to cure. Complaint, Exhibit A. An informal conference was held on January 14, 2000. The Informal Hearings Officer, Andre P. Trudelle, made findings that the noise level and unacceptable behavior by the children had continued despite the opportunity to cure and the eviction process continued. See
Complaint, Exhibit B. A Notice to Quit (Complaint, Exhibit C), was served on the defendant February 11, 2000 to vacate, the premises on or before February 18, 2000 and the Complaint was filed on March 2, 2000. The defendant continues in possession of the premises.
The defendant, acting pro se, filed an answer in which she agreed with all of the allegations in Counts One and Two of the Complaint except those allegations that she allowed excessive noise to emanate from the apartment. In her answer, the defendant also included the special defense that all rent had been paid. This special defense has no bearing on the allegations in the complaint since this summary process action is not brought based on non-payment of rent and the plaintiff is not claiming any failure to pay rent. The defendant stated in her answer that she did not believe the noise level was unreasonably loud. She stated that she has three children aged 10, 11 and 16 and that the unit has thin walls. She also stated that she has "no living room rug to CT Page 5085-gr absorb whatever excessive noise may be emanating from [the] unit."
At the trial on April 7, 2000, several witnesses testified. Andre Trudelle, the Modernization Coordinator and Construction Supervisor at Oakwood Knoll, identified Oakwood Knoll as a federal low income housing development in Norwich consisting of 15 buildings containing 75 apartments ranging from one to four bedrooms. He testified that Mrs. Fernald and her children live in unit 70, a four-bedroom unit. He identified the lease entered into between the Housing Authority and the defendant on October 1, 1999. Mr. Trudelle testified that he had participated in the informal hearing process in which Mrs. Fernald had been first sent a letter by the Manager stating that she was in violation of the terms of her lease. (See Attachment to Complaint). He testified that he attended the informal hearing which allows the landlord and tenant to meet to discuss the situation. Mr. Trudelle testified that in the course of that discussion, Mrs. Fernald stated that she and her husband had separated and that the separation had made it more difficult to control her children's behavior. She stated that her children were negatively affected by her husband's departure from the home and were living under increased stress. At the informal hearing, Mr. Trudelle informed the defendant that he would delay for a short period in order to give Mrs. Fernald an opportunity to correct the situation. He testified that although the situation did improve for the first several days, it eventually escalated back to unacceptable levels. Mr. Trudelle testified that the walls were thin and that in particular, the wall between the defendant's unit and an adjoining unit was probably only 6" thick and constructed with 2"x4"s and drywall. The Court credits the testimony of Mr. Trudelle.
The plaintiff called several neighbors to testify concerning the tenant's conduct and the conduct of her children. The Court finds that the testimony of the neighbors established the following: Mrs. Fernald was absent from the home a lot, leaving her 10 and 11 year old sons in the care of her 16 year old daughter. Her 16 year old daughter Heather was not able to control the other children as her own conduct was unacceptable and included playing loud music and allowing others to freely use the home. For the most part, while Mrs. Fernald was home, the children were generally under control, but that while she was absent, the children were disrespectful to adults and other children, used unacceptable and vulgar language, and were unreasonably loud.
Olga Rivera, the President of the Oakwood Knoll Tenant Association "OKTA", testified that she had witnessed the children swearing and threatening younger children and that they had been disruptive of CT Page 5085-gs homework sessions being conducted by the OKTA in the unit adjoining the Fernalds. Ms. Rivera also indicated that she received a number of complaints about the loud music and noise, has heard the noise herself, and has noticed how often the children are left alone. (See Plaintiff's Exhibit 3). Elizabeth Kinney, a neighbor who formerly lived in an adjoining unit, testified that she often observed the children creating disturbances when Mrs. Fernald was not home, including playing loud music, running, jumping all over the apartment, roller blading and skateboarding. Ms. Kinney testified that the defendant permitted the disruptive conduct to continue even after she confronted the defendant about it. Other neighbors testified in a similar vein. Although many acknowledged that the children were probably experiencing increased stress or difficulties in view of their father's absence from the home, they all witnessed some form of excessive noise and/or disruptive behavior. A common theme throughout the testimony was that the children were in need of adult supervision. The Court credits the testimony of the neighbors as set forth above and finds that, while the Fernald children are not the only children in Oakwood Knoll who have created a disturbance, the Fernalds have, as alleged, disturbed their neighbors' peaceful enjoyment of their premises.
Mrs. Fernald testified on her own behalf that since she and her husband had separated she was having difficulty raising the three children on her own and controlling their behavior, particularly when she was not at home. She testified that she works full time at Foxwoods from 9 am-5 pm Sunday-Thursday, and that she often had things to do after work and on Fridays. She stated that whenever she was aware of issues concerning her children's behavior, she attempted to correct it. The Court credits this testimony and finds support for it as well in the letters the defendant submitted on her own behalf. (Defendant's Exhibits1-7). The defendant also called her estranged husband and his mother as witnesses. Allen Fernald testified that when he was there, his children were no louder than any other children in the neighborhood. Anita Fernald testified that when she was there, she did not notice excessive noise or disrespect. In defense, both Mr. and Mrs. Fernald testified that their children were no worse than any other children in the development and that speeding cars and loud stereos and boom boxes throughout the neighborhood were just as disruptive as their children. Although not specified as a special defense in her answer, the defendant contends that she is being singled out for eviction because members of the OKTA are unhappy that her husband left Oakwood Knoll. The Court finds, based on all the testimony, that the Housing Authority has not unfairly singled out the defendant and, in any event, whether or not others are also in violation of their leases, is not for the Court to CT Page 5085-gt decide.
 DISCUSSION
Section 47a-11 of the Connecticut General Statutes provides in relevant part:
"A tenant shall . . . (g) conduct himself and require other persons on the premises with his consent to conduct themselves in a manner that will not disturb his neighbors peaceful enjoyment of the premises or constitute a nuisance, as defined in section 47a-32." Nuisance is defined in § 47a-32 as including, but not limited to, "any conduct which interferes substantially with the comfort or safety of other tenants or occupants of the same or adjacent buildings or structures."
The Court credits the testimony of the neighbors and Mr. Trudelle that the defendant has permitted a situation to exist which disturbs other residents' peaceful enjoyment of their accommodations. The Court also credits the testimony of the defendant that she is in a difficult situation and that her children may be reacting to the increased stress of her husband's absence from the home. Nevertheless, and although there may be an explanation for the conduct, the Court finds that the plaintiff has established by a preponderance of the evidence that the conduct of the defendant and the unsupervised children set forth above amounts to a violation of paragraph 8(B)(18) of the lease as alleged in Count One. With respect to Count Two of the Complaint, the Court finds that the conduct set forth above interferes substantially with the comfort of other tenants and occupants and therefore constitutes a nuisance under C.G.S. § 47a-32. The defendant was given notice and an opportunity to correct the situation (See Housing Authority v. Harris,225 Conn. 600 (1993)) and did not take advantage of that opportunity.
In view of all the evidence, the Court finds the allegations of the Complaint to have been established.
For the foregoing reasons, judgment for possession may enter for the plaintiff.
Jongbloed, J.