[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this Summary Process action against the CT Page 6285 defendants alleging material noncompliance with Sections 4(a) and 4(b) of the lease. The plaintiff alleged that on or about November 4, 1999 and November 5, 1999 the defendant and his guests made loud noises which disturbed his neighbors' peaceful enjoyment of their accommodations and required police action.
The defendant was served with a pre termination notice in accordance with C.G.S. 47a-15 on November 5, 1999. The notice stated the following:
 "You are hereby notified that you have failed to comply with the provisions of your lease and specifically that you have committed the following acts which are prohibited by your lease and/or rules and regulations which are a part of your lease: material non-compliance with the terns of your lease. Failure to conduct yourself and cause other persons who are on the premises with your consent to conduct themselves in a manner which will not disturb your neighbor's peaceful enjoyment of their accoziuodations and will be conducive to maintaining the project in a decent, safe, and sanitary condition in violation of Section 4(b) of your dwelling lease. More specifically, on or about November 4, 1999 and November 5, 1999, you and your guests made loud noises which disturbed your neighbor's peaceful enjoyment of their accommodations and required police action. [Emphasis added]
Your lease shall terminate on November 24, 1999, which is more than fifteen (15) days from the date that you will receive this notice unless these actions or their results can be and are corrected by you within fifteen (15) days.
The plaintiff further alleged that on or about January 5, 2000, the defendant again made loud noises which disturbed his neighbors' peaceful enjoyment of their accommodations and required police action.
The plaintiff presented three witnesses. Mr. Corbett, Chief Executive Officer of the Windsor Housing Authority, testified as follows: that there are four (4) apartment units per building; that there were several complaints against the defendant over a period of time about loud music late at night; that there were ongoing problems with the defendant's house guests and between the defendant and his house guests; that the tenants complained of broken windshields. Based on the complaints Mr. Corbett requested that a pre termination notice be sent to the defendant. Mr. Corbett further testified that in January a search and seizure warrant was executed and that the defendant and someone else in CT Page 6286 the apartment left with a police escort; that on January 28, 2000 or January 29, 2000 the defendant called the police to report that his car had been stolen.
Sergeant McKee, an officer with the Windsor Police Department, testified as follows: that he executed a search and seizure warrant on January 5, 2000 as a result of an investigation that started in November 1999; that several residents complained about a disturbance and that they were concerned; that there had been several contacts including arrest and that the defendant's roommate was arrested for drug paraphernalia.
Mr. Robinson, a resident and an employee of the Windsor Housing Authority, testified as follows: that he is a neighbor of the defendant; that he is on the tenant commission; that he received complaints on and off; that the neighbor feared retaliation; that he had conversations with Mr. Corbett and with the defendant; that the defendant told him that everything was under control.
The plaintiff has failed to prove the allegations in the complaint. The pre termination notice sent to the defendant notified him that he and his guests made loud noises which disturbed his neighbor's peaceful enjoyment of their accommodations and required police action.
When a tenant fails to comply with his rental obligations under C.G.S. § 47a-ll the landlord is required to deliver to the tenant a written notice "specifying the acts or omissions constituting the breach and to give the tenant [twenty-one][1] days to abate the notation or risk the termination of the tenancy. C.G.S. 47a-15 imposes the same requirement of a pre termination notice of material . . . non compliance. Housing Authority v. Harris, 225 Conn. 600, 605, 625 A.2d 816
[1993].
The purpose of C.G.S. 47a-15 is to allow the tenant an opportunity to correct alleged violations of the lease agreement. . . . Accordingly, the notice must be specific enough to allow a tenant to recognize his/her violations and either cure or defend against them. Barkan Management Co.,Inc. v. Artis, Judicial District of New Haven, Docket No. SPNH 9511-45269 [2/16/96] Jones, J. 47a-15 does apply where the tenant is charged with material non compliance with . . . the rental agreement Kapa Associatesv. Flores, 35 Conn. Sup. 274, 277, 408 A.2d 22 (1979).
The plaintiff was required to prove that the defendant and his guests made loud noises which disturbed his neighbors' peaceful enjoyment . . . and required police action. The plaintiff had to further prove that the defendant again engaged in this conduct on January 5, 2000. The testimony from the three witnesses failed to prove that on January 5, 2000 the CT Page 6287 defendant and guests made loud noises which disturbed the neighbors' peaceful enjoyment and required police action.
Specifically, there was no testimony about loud noises and/or disturbance of the neighbors on that date. The testimony from all three witnesses indicate that the officers executed a search and seizure warrant and the defendant and his roommate left with a police escort. Clearly police officers were at the premises on January 5, 2000. However, the court cannot conclude, from the evidence, presented that the defendant and his guests made loud noises which disturbed his neighbors' peaceful enjoyment and required police action.
The plaintiff has suggested in its reply brief that the defendant had made an admission and statements against his interest, sufficient for the court to conclude that there was material non compliance with the lease. The court will not reach that conclusion when there is no evidence of either an admission or statements against interest. The defendant had filed a defense which was withdrawn where the defendant had stated that he had obtained a restraining order against Sharon Cody. There was also a stipulation that was never entered into judgment and the Court (Tanzar,J.) ruled that the agreement was not to be enforced. In that unenforceable stipulation the defendant had agreed that he would not permit Sharon Cody to reside in his apartment and he further agreed not to disturb his neighbors' peaceful enjoyment.
When parties enter in a settlement agreement there are many different reasons for doing so. To conclude that an agreement not to engage in certain conduct is an admission that one has previously engaged in such conduct would be quite a stretch. The defendant secured a restraining order to keep Sharon Cody from his apartment. This action cannot lead to a conclusion that the defendant is in material non-compliance with the lease. Neither the terms of the unenforceable agreement nor the securing of a restraining order could be considered as either an admission or statements against interest under the facts and circumstances of this summary process action. Additionally, there is no evidence in either to support a conclusion that the defendant and his guests on January 5, 2000, made loud noises which disturbed the neighbors' peaceful enjoyment of their accommodations and required police action.
The court need not reach either the issue of whether the notice[2] was sent before or after the notice to quit or whether the notice is an addendum to the lease.
The plaintiff has failed to meet his burden of proof. Judgment for the defendant. CT Page 6288
 ____________________ CRAWFORD, JUDGE