[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this summary process eviction complaint seeking possession of a premises located at 24-H Dutch Point, Hartford, Connecticut 06106. The plaintiff alleged in a three count complaint the following: (1) serious nuisance committed by both defendants Celines Deleon and Leonard White in the nature of using the premises for the illegal sale of drugs in violation of C.G.S. sec. 47a-11 (g); (2) a serious nuisance by Celines Deleon for failing to require Leonard White not to sell illegal drugs on the premises in violation of C.G.S. sec.47a-11 (g); and (3) that Leonard White never had a right or privilege to occupy the premises.
The defendant Celines Deleon filed a pro se appearance and answer dated January 22, 2002. The answer responded only to Count One, disagreeing with every allegation in the complaint with the exception of admitting that she still occupied the premises, and raising as a special defenses the payment of rent. The defendant Leonard White did not appear.
A summary process trial was scheduled for February 19, 2002. The Defendant Celines Deleon failed to appear for trial, and a default judgment was entered against both defendants. A motion to open judgment was filed by the defendant Celines Deleon and was scheduled for March 5, 2002. The motion to open was granted by agreement as to Celines Deleon only. A hearing was scheduled for March 12, 2002. The plaintiff requested a continuance to allow witnesses to be available. A trial was subsequently held on March 26, 2002.
 DISCUSSION
The plaintiff is seeking possession of the subject premises claiming serious nuisance. The substance of the serious nuisance as alleged in Count I is that Celinas Deleon and Leonard White used the premises for the illegal sale of drugs. As to Count II a) that Leonard White, a person CT Page 12170 on the premises with consent, sold illegal drugs and b) that Celines Deleon failed to require Leonard White not to sell illegal drugs on the premises. The defendant Celinas Deleon denied the allegations.
Juan Roman, the Director of Public Safety for the Hartford Housing Authority works at the housing complex know as Dutch Point, the location of the subject premises. Mr. Roman receives daily arrest reports from Officer Bill Gervais. One of the reports included information that the defendant Celinas Deleon had been arrested on September 11, 2001. Mr. Roman verified that the person arrested was the defendant. He than put a package together and referred it for summary process eviction.
C.G.S. section 47a-11 (g) provides in pertinent pant that a tenant "shall conduct himself and require others on the premises with his consent, to conduct themselves in a manner that will . . . not constitute serious nuisance, as defined in C.G.S. sec. 47a-15." C.G.S. sec 47a-15 in pertinent part defines serious nuisance as "using the premises for. the illegal sale of drugs."
The issue presented is whether the plaintiff proved that the defendants sold illegal drugs at the premises. In support of the claim, the plaintiff presented evidence as follows: Detective Reginald Allen a detective for six years with the Hartford Police Department was assigned to the housing complex in which the premises were located. He worked in the narcotics division as part of a "seven man team." This team targeted drug dealers and their clients in the housing complex. There were numerous persons `buying'.
The team had the subject premises under surveillance for some time. He described seeing persons knocking on the door, noticed a brief exchange, saw the persons leave and some had been arrested. Detective Allen did not provide any information as to whether either Leonard White or Celinas Deleon were selling illegal drugs from the premises. The activity described is some indicia that there might be sale of illegal drugs.
The team planned a `buy-bust' on September 11, 2001. Detective Santiago was sent in. No evidence was presented as to whether Detective Santiago made a "buy' and if so from whom, and whether that person had been `busted'. No evidence was presented that either of the defendants sold illegal drugs to Detective Santiago or any arrest as to sale of illegal drugs to him.
Detective Santiago and Detective Allen `rushed' the apartment. They observed a `large' number of people in the apartment and could smell marijuana. The actual or approximate number of people in the apartment CT Page 12171 was never stated.
Detective Allen went upstairs and found the defendants in an upstairs bedroom, with Celine Deleon lying on the bed. The detectives frisked everyone in the apartment. Detective Allen stated that he found contraband on their persons but did not describe what was found where and on whom except for some heroin found on the person identified as Mr. Figueroa. No information was provided as to the quantity found on Mr. Figueroa or whether it was residue. No information was provided as to whether Mr. Figueroa had purchased the heroin at the premises from either Mr. White or Ms. Deleon.
Mr. Figueroa gave Detective Allen permission to search his car that was parked outside. Detective Allen searched the car and found some heroin. No evidence was presented as to whether Mr. Figueroa had purchased the heroin found in the car from either Mr. White or Ms. Deleon.
Detective Allen found a sandwich bag with plant like substance on top of a dresser in a second bedroom other than the one in which he found the defendants.
The defendant Celinas Deleon was present during the "sweep" and was placed under arrest. The charges included sale of marihuana and sale of narcotics. On February 6, 2002, she entered a guilty plea on an amended information[1] to the charge of possession of marijuana. Detective Allen did not state what he had found on Ms. Deleon's person. However, she admitted at this trial that she had two bags of marijuana in her pocket and she entered the guilty plea to being in possession of those two bags. A fine in the amount of $500.00 was imposed and the fine was remitted.
Celinas Deleon presented testimony through her sister Ms. Valdez. Ms. Valdez stated that there were people in the apartment who came to have her do their hair or to visit the baby. Ms. Valdez also did not state how many persons were present.
The Court never heard from Detective Santiago.
Summary process statues that grant a landlord rights in derogation of the common law have been narrowly construed and strictly followed.Housing Authority v. Harris, 225 Conn. 600 (1993); Jefferson GardenAssociates v. Greene, 202 Conn. 128, 143 (1987).
The conduct of the defendants on September 11, 2001 does not prove that the defendants were using the premises to sell illegal drugs. The CT Page 12172 plaintiff had failed to meet its burden of proof as to the claim alleged. The only evidence presented was a sandwich bag with green plant like substance (never identified) found on top of a dresser in a bedroom not occupied by the defendants; contraband (unidentified) found on others, not the defendants; heroin found on the person of Mr. Figueroa and in his car (quantity unknown) and the two bags of "weed" Ms. Deleon admitted to having in her pocket.
 CONCLUSION
It is undisputed that sale of illegal drugs in a housing complex such as Dutch Point would be a serious nusiance. However, in this case, the plaintiff failed to prove that Celines Deleon used the premises for the sale of illegal drugs.
The Court hereby enters judgment for the Defendant Celines Deleon.
 J.L. Crawford Superior Court Judge